**UNITED STATES**

v.

**Second Lieutenant Gary L. WOODARD, 562–04–3432 FV, United States Air Force.**

ACM 25438.

U.S. Air Force Court of Military Review.

Sentence Adjudged 6 May 1986.

Decided 19 Sept. 1986.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi, Major Charles E. Ambrose, Jr., and Major G. Michael Lennon, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Joseph S. Kistler.

Before SESSOMS, STEWART and LEWIS, Appellate Military Judges.

## DECISION

LEWIS, Judge:

Pursuant to a pretrial agreement appellant pleaded guilty to committing indecent acts with another in violation of Article 134, U.C.M.J., 10 U.S.C. § 934. He was found guilty, in accordance with the plea, of a specification which alleged, in pertinent part, that he "did ... wrongfully commit indecent acts with [Miss H] by touching her breasts, kissing her on the mouth, pulling down her pants and underwear, and touching of her vaginal area with his hand."

The facts elicited at trial reflect that appellant, who was 28 years old and married, but not residing with his wife and family at the time of the offense, engaged in the described acts with the 16–year old dependent daughter of a noncommissioned officer. The acts occurred in an apartment in West Germany which the appellant shared with another officer and his wife for whom Miss H was babysitting. There is no indication that the acts occurred within the view of anyone but the participants themselves. During the course of the providency inquiry conducted in accordance with *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), appellant factually admitted to the acts as alleged and each element of the offense; namely, (1) that his commission of the described acts was wrongful; (2) that the acts were indecent, and (3) that under the circumstances his conduct was to the prejudice of good order and discipline in the armed forces or was of

a nature to bring discredit upon the armed forces. M.C.M., 1984, pt. IV, para. 90b. With respect to the second element, he acknowledged his understanding of the following definition.

Indecent acts signify that form of immorality relating to sexual impurity which is not only grossly vulgar, obscene, and repugnant to common propriety but tends to excite lust and deprave the morals with respect to sexual relations.

M.C.M., *supra,* para. 90c. The providency inquiry did not elicit information as to whether Miss H had consented to the acts. In an unsworn submission to the court appellant advised that what had occurred between him and Miss H "was mutual on both parts."

On the basis of this record we must now determine whether the facts establish an adequate foundation for appellant's plea. R.C.M. 910(e). *United States v. Davenport,* 9 M.J. 364 (C.M.A. 1980). For the purpose of our analysis we accept as fact that the acts of the appellant with Miss H were with her consent. We acknowledge that the prosecution introduced evidence for the purpose of sentencing which might be construed otherwise. However, the basic record pertinent to the appellant's plea is, at best, silent as to this factor. The evidence indicating otherwise is, at best, less than compelling.

Appellate counsel have provided briefs in response to issues specified by us in quest of the elusive concepts of indecency and wrongfulness as they relate to the offense of indecent acts with another. Our review of cases cited by counsel causes us to recall the oft-quoted dictum of Mr. Justice Stewart in *Jacobellis v. Ohio,* 378 U.S. 184, 197, 84 S.Ct. 1676, 1683, 12 L.Ed.2d 793 (1964) ("I know it when I see it."). Appellate military courts have professed little difficulty in recognizing indecent acts when they manifest themselves in a record, but their pronouncements have given us little in the way of readily usable definitions. The Manual for Courts-Martial definition of indecent acts set forth previously presents

us with a quandary similar to that experienced by Justice Stewart in attempting to apply the prevailing community standards test for pornography. We can do little better than to analyze the facts in this case in the light of that which has passed our way before in the nature of guidance.

Before we begin our discussion, we should highlight what we consider to be the inherent difficulty in analyzing the offense of which appellant stands convicted by his own judicial admissions. Indecent acts with another is seldom encountered on its own merits, but more often as a lesser included offense after proof of more serious criminal activity has failed in some manner. Appellant faced this offense head-on after an apparently vigorous pretrial negotiation effort spared him the potential peril of much more serious charges which the government agreed not to pursue. These also involved Miss H as either an alleged co-actor or victim. The elements of the offense which was pursued are highly subjective in nature and must be inferred, for the most part, from the acts themselves. Seldom is so much left to inference in defining the limits of culpability for a given offense. It would be all well and good for us to rely upon appellant's admissions that his acts with Miss H were wrongful, indecent, and prejudicial to good order and discipline. We would have to assume that reasonable men are in general agreement that such conclusions were universally understood to mean one thing clearly and not another within a given context and, thus, capable of ready application to the facts at hand. We do not believe that this is so based on what we have gleaned from existing case law, much of which discusses elements in common as they exist in closely related but distinct offenses.

As a starting point, it is clear enough that the Uniform Code of Military Justice does not generally purport to regulate the moral standards and sexual behavior of military members. There are numerous instances in which the willing participation in sexual activities by parties over the age of

consent and not married to one another do not give rise to chargeable offenses. *United States v. Johanns*, 20 M.J. 155 (C.M.A. 1985), *cert. denied*, 473 U.S. ——, 106 S.Ct. 147, 88 L.Ed.2d 122 (1985); *United States v. Berry*, 6 U.S.C.M.A. 609, 20 C.M.R. 325 (1956); *United States v. Snyder*, 1 U.S.C.M.A. 423, 4 C.M.R. 15 (1952). However, appellate military courts have observed that the term, indecent acts, describes consensual as well as nonconsensual acts. *United States v. Thacker*, 16 U.S.C.M.A. 598, 37 C.M.R. 28 (1966); *United States v. Cheatham*, 18 M.J. 721 (A.F.C.M.R. 1984). In a relatively early case, the Court of Military Appeals viewed indecency, in the form of the word "lascivious" in a specification, as being intertwined with wrongfulness. If an act was indecent, it was wrongful. *United States v. Gaskin*, 12 U.S.C.M.A. 419, 31 C.M.R. 5 (1961). This concept became less clear when the Court decided the *Thacker* case five years later. While indicating that indecency might be related to either nonconsensual or consensual behavior, the aspect of wrongfulness was separately analyzed. The Court strongly implied that an allegation of "wrongful" commission of indecent acts conveys the thought that the acts in question were inflicted upon another without consent. *United States v. Thacker, supra*, at 31.[1] It should be noted that this observation was made in a context completely distinguishable from the case before us. The Court was supporting its conclusion that assault consummated by a battery is a lesser included offense of committing indecent liberties in a situation in which the victim had clearly not consented. More recently, in *United States v. Cheatham, supra*, at 723, we sustained a conviction for commission of indecent acts with another in a nonconsensual situation but, in so doing, enunciated a broader view that wrongfulness may be gleaned from "the totality of the evidence." We continue to adhere to that view.

By way of more general background, *United States v. Anderson*, 10 M.J. 536 (A.C.M.R. 1980), advises that the acts alleged to be indecent must be aggravated in some manner to sustain a conviction under Article 134, U.C.M.J. Stated another way, acts not inherently indecent may be viewed as indecent by examination of the circumstances surrounding their commission. *United States v. Wilson*, 13 M.J. 247 (C.M.A. 1982). Thus, it appears that wrongfulness and indecency must be determined on a case by case basis. The Manual definition of indecent acts, *supra*, reminds us that this determination involves an appropriate weighing of societal standards of common propriety.

Based on our analysis of the facts of this case, we conclude that appellant's acts with Miss H constituted indecent acts with another as contemplated by Article 134, U.C.M.J. For purpose of our analysis, appellant's status as a commissioned officer is not relevant. *Compare United States v. Adames*, 21 M.J. 465 (C.M.A. 1986) (officer status of accused was relevant for purpose of Article 134, U.C.M.J., where acts were with enlisted female trainees assigned to his unit). Appellant's acts were not characterized as conduct unbecoming an officer and a gentleman in violation of Article 133, U.C.M.J., 10 U.S.C. § 933.[2]

We conclude that intimate physical contact which fell short of intercourse between the appellant, who was married, and another, who was not his spouse, was wrongful. The appellant's acts with Miss H were on the nature of "heavy petting" or, depending upon his expectations, conventional sexual foreplay. We do not regard such acts as *per se* indecent within the context of the offense under consideration. However, in this case the activity occurred with one who had barely passed the age of consent when the appellant was 12 years her sen-

---

1. In the case before us the specification includes the word, "wrongful," in accordance with the language of the model specification. M.C.M., 1984, pt. IV. para. 90f.

2. While the issue is not raised in this case, we might not have dwelled for very long on the question of whether appellant's acts were criminally chargeable had they been so characerized.

ior. Additionally, the activity occurred under inappropriate circumstances, while she was babysitting. Weighing these aggravating factors, we conclude that the acts of the appellant were indecent. In so concluding, we caution that we view the circumstances surrounding the acts of appellant as resting at the outer limits of what could be sustained as indecent and, therefore, criminally culpable. We have no problem concluding that the appellant's acts were prejudicial to good order and discipline. Miss H was a military dependent. Her father was a fellow military member who was assigned to the same location as appellant. The potential for a severely adverse impact on morale and discipline which could result from appellant's acts is clear.

■ Appellant's sentence to a punitive dismissal is a heavy price to pay for his actions in this case. However, his status as a commissioned officer, while not relevant to the issue of his guilt, became an appropriate factor for the military judge to consider in determining a sentence. *See United States v. Means*, 10 M.J. 162 (C.M.A. 1981). The sentence is not disproportionately harsh under the circumstances.

The findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Senior Judge SESSOMS and Judge STEWART concur.