UNITED STATES, Appellee,

v.

William M. SADLER, Major, U.S. Air Force, Appellant.

No. 61,488.
ACM 26888.

U.S. Court of Military Appeals.

Jan. 30, 1990.

For Appellant: *Major Ronald G. Morgan* (argued); *Colonel Richard F. O'Hair* and *Captain William E. Boyle* (on briefs).

For Appellee: *Captain Morris D. Davis* (argued); *Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Major Terry M. Petrie, Major Jeffrey H. Curtis* (on briefs).

## OPINION OF THE COURT

EVERETT, Chief Judge:

A general court-martial with members tried Major Sadler at Kirtland Air Force Base, New Mexico, for carnal knowledge and three specifications alleging service-discrediting conduct, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 USC §§ 920 and 934, respectively. Contrary to his pleas, he was found guilty as charged and sentenced to dismissal, confinement for 2 years, and total forfeitures. The convening authority approved only the dismissal and confinement for 2 months and 16 days; and the Court of Military Review affirmed the findings of guilty and the approved sentence in an unpublished opinion. We granted review as to two issues concerning the judge's instructions to the court members.[1]

### I

The instructional issues on which we granted review relate to the first two specifications under the Article 134 Charge. They alleged:[2]

1. 

I

WHETHER APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE MILITARY JUDGE DECLARED IN HIS INSTRUCTION TO THE COURT CONCERNING CHARGE II, SPECIFICATION 1, THAT GIVING WINE TO A MINOR UNDER THE AGE OF 17 WOULD CONSTITUTE CONTRIBUTING TO THE DELINQUENCY OF THAT MINOR.

WHETHER APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE MILITARY JUDGE, IN HIS INSTRUCTION TO THE MEMBERS ON CHARGE II, SPECIFICATION [2], MERELY REFERENCED NEW MEXICO'S STATUTE DEALING WITH SEXUAL EXPLOITATION OF MINORS RATHER THAN EXPLAINING ITS MEANING AND EFFECT AS PART OF THE ELEMENTS TO BE PROVED BY THE GOVERNMENT.

2. The third specification alleged an indecent act with the same victim.

Specification 1: In that [the Accused] at Albuquerque, New Mexico, on or about 15 August 1987 and on or about 15 September 1987, contributed to the delinquency of a minor, Crystal Elaine Kinder, a person under the age of 18, by giving her alcoholic beverages in violation of New Mexico Statutes Annotated Section 30–6–3, which conduct was of a nature to bring discredit upon the Armed Forces.

Specification 2: In that [the Accused] did, at Albuquerque, New Mexico, or or about 15 September 1987, sexually exploit Crystal Elaine Kinder, a child then under 16 years of age, in that he took lewd photographs of her genital area in violation of New Mexico Statutes Annotated Section 30–6A–3, which conduct was of a nature to bring discredit upon the Armed Forces.

The primary witness against Sadler as to all the charges was Crystal Elaine Kinder, a beauty-college student. In response to appellant's newspaper ad in late July 1987, she had sent him a wallet-size picture and certain information about herself. Although she was only 15, she stated her age as 17 "[b]ecause most photographers want girls that are older which are out of school that can work during the day." Subsequently, she received a phone call from Sadler, who set up an appointment for an interview on or about August 15.

Upon her arrival she showed appellant her portfolio of pictures taken of her when she was modeling. After he showed her some of the pictures he had taken of models, Ms. Kinder agreed to model for him.

When she later appeared for a photography session, Sadler gave her a glass of white wine "to calm my nerves." At one point, while she was in a negligee, appellant "asked me if I ever thought about nude modeling"; and he said the modeling fee for posing in the nude would be $25.00 an hour, rather than the $10.00 per hour that he was paying her at the time.

On September 15, she appeared for her second modeling session; and once again she was given a full glass of white wine.

After looking at slides of the earlier photo session and receiving another glass of wine, Ms. Kinder "went upstairs" with appellant "and started the photo shoot." The "photo session started getting more revealing"; and ultimately, after three or four full glasses of wine, she "modeled nude." Soon Sadler was taking pictures of her genital area with her legs spread open. Ultimately, the two engaged in sexual intercourse—even though Ms. Kinder tried to dissuade appellant by telling him that her age was only 15. According to her testimony, Sadler penetrated her with both his finger and his penis.

Ms. Kinder was cross-examined at length by the defense; and thereafter, the Government offered corroborating evidence. This included the testimony of a senior criminalist that sperm was present in Ms. Kinder's vagina soon after the alleged sexual intercourse with Sadler had taken place.

When the Government rested its case, the defense moved for a finding of not guilty as to the specification alleging that appellant had sexually exploited Ms. Kinder. According to the defense, the photographs had not been taken "for the purpose of sexual stimulation as required by the New Mexico statutes," of which the court had taken judicial notice. Trial counsel responded that the court members could reasonably infer from the nature of the pictures that Sadler was taking them for purposes of sexual stimulation. In response to a question from the judge, trial counsel expressed the view that the relevant New Mexico statute "does not refer to the sexual stimulation of the child." After further discussion of the statutory intent, the motion was denied.

Major Sadler testified that he had been in the Air Force for 17 years and even before entering the service had been engaged in photography as a hobby, as well as "to illustrate the articles that I write" for Air Force publications. He had "shot family portraits, landscapes, documentation of travel ... boudoir photography, personal portraits, nudes. I've done the entire spec-

trum." Some of his photographs had been published in various publications or used "for presentations to members of the general public." Although he had taken many photographs of nudes, they had not been for the purpose of sale or sexual stimulation—either of himself or others.

■ Prior to final arguments, the military judge asked counsel if they had any objection to his proposed instructions, of which he had furnished each side a copy,[3] or had any request for additional instructions. Both trial and defense counsel responded in the negative. Subsequently, the military judge instructed to this effect on the charge of contributing to the delinquency of a minor:

The elements of this offense are:

(1) That, at Albuquerque, New Mexico, on or about 15 August 1987 and on or about 15 September 1987, the accused gave alcoholic beverages to Crystal Elaine Kinder, a person under the age of 18;

(2) That such act was in violation of New Mexico Statute 30–6–3, which at the time alleged in the specification was in existence; and

(3) That such conduct, under the circumstances, was of a nature to bring discredit upon the armed forces.

The Court is further advised that "service-discrediting" is defined as conduct which tends to harm the reputation of the service or lower it in public esteem.

You are further advised that the giving of wine to Crystal Elaine Kinder would constitute contributing to the delinquency of a minor if she were under 18 at the time.

It is no defense that the accused is ignorant or misinformed as to the true age of Miss Kinder; it is the fact of her age and not the knowledge or belief of the accused that fixes criminal responsibility.

The judge gave this instruction on the sexual-exploitation charge:

The elements of this offense are as follows:

(1) That, at Albuquerque, New Mexico, on or about 15 September 1987, the accused sexually exploited Crystal Elaine Kinder in that he took lewd photographs of her genital area;

(2) That such acts were in violation of New Mexico Statute, Section 30–6A–3 B, which at the time alleged was in existence;

(3) That at the time the photographs were taken, Crystal Elaine Kinder was under the age of 16; and

(4) That such conduct, under the circumstances, was of a nature to bring discredit upon the armed forces.

The Court is advised that it is no defense that the accused was ignorant or misinformed as to the true age of Crystal Elaine Kinder; it is the fact of the girl's age not the knowledge or belief of the accused that fixes criminal responsibility.

"Service-discrediting" conduct is conduct which tends to harm the reputation of the service or lower it in public esteem.

"Lewd" is defined as lustful or lecherous and signifies that form of immorality which has relation to sexual impurity or incontinence carried on in a wanton manner.

The judge also advised the court members:

I have taken judicial notice of the existence of the New Mexico Statutes quoted in Prosecution Exhibits 6 and 7. This means that you are now permitted to recognize and consider those statutes without further proof. They should be considered by you as evidence with all other evidence in the case. You may, but are not required to, accept as conclusive the matters I have judicially noticed.

After being instructed, the court members deliberated more than 3 hours and then returned their findings of guilty.

---

3. Discussion of instructions should be conducted on the record, rather than in a conference under RCM 802, Manual for Courts–Martial, United States, 1984.

## II

### A

■ Under the third clause of Article 134, a servicemember may be found guilty of "crimes and offenses not capital" prohibited by other federal penal statutes. *See, e.g., United States v. Reichenbach*, 29 MJ 128 (CMA 1989). Among these statutes is the Assimilative Crimes Act, whereunder conduct which takes place in an area subject to exclusive or concurrent Federal jurisdiction may be federally prosecuted if it violates the law of the state where that area is located. *See* 18 USC § 13. Thus, taken in tandem, the third clause of Article 134 and the Assimilative Crimes Act permit a servicemember to be tried by a court-martial for violating state penal law at a place within exclusive or concurrent Federal jurisdiction. *See, e.g., United States v. Kline*, 21 MJ 366 (CMA 1986); *United States v. Irvin*, 21 MJ 184 (CMA), *cert. denied*, 479 U.S. 852, 107 S.Ct. 183, 93 L.Ed.2d 117 (1986). In such prosecutions, there is no occasion for the Government to allege or prove that the accused's conduct was service-discrediting or contrary to good order and discipline within the contemplation of the first two clauses of Article 134.

In the present case, Article 134 is relied on. In both specifications the Government alleged that Sadler's conduct was "of a nature to bring discredit upon the Armed Forces"—as prohibited by the second clause of Article 134. However, the Government also alleged violations of state criminal law, although there is no assertion that the misconduct transgressed the third clause. Moreover, here, no basis existed for invoking the Assimilative Crimes Act, because appellant's activity with Ms. Kinder took place at his home off base, and not at some place subject to exclusive or concurrent Federal jurisdiction.

The unique aspect of the allegations in this case is that the drafters apparently proceeded on the premise that, because appellant's conduct violated New Mexico statutes protecting minors, the conduct was service-discrediting. Our precedents do not make clear what relationship exists between the concept of service-discrediting conduct and violations of the law of the state or foreign country where the servicemember's conduct occurs.

■ Clearly Congress intended that the words "crimes and offenses not capital," as used in the third clause of Article 134, refer only to violations of Federal statutes and not encompass violations of state or foreign law. *See United States v. Grosso*, 7 USCMA 566, 571, 572, 23 CMR 30, 35, 36 (1957). In light of this legislative intent, we must reject any contention that a servicemember's conduct which transgresses state or foreign law is *per se* service-discrediting. Otherwise, by alleging that a violation of state or foreign law is service-discrediting conduct prohibited by the second clause of Article 134, a clever drafter can expand the coverage of the Article to include all "crimes and offenses not capital" proscribed by state or foreign law in addition to those forbidden by federal statutes.

Even if the circumstance that state or foreign law has been transgressed is not decisive in determining whether a servicemember's conduct is service-discrediting, is it material to this issue? The Government answers in the affirmative; and if that answer is correct, it would seem permissible—and, indeed, appropriate—for the accuser to allege the specific state or foreign statutes which the accused has violated and for the military judge to take judicial notice of those statutes, *see* Mil.R.Evid. 201A, Manual for Courts–Martial, United States, 1984; receive evidence relevant to determining whether they have been violated; and instruct the court members with respect to those statutes.[4]

The contrary position is that, in light of the legislative intent implicit in the third clause of Article 134, the fact that a servicemember's conduct has violated a state

---

**4.** Of course, there would still remain a question as to the relevance, if any, of the state or foreign statutes in determining the applicable maximum punishment for the service-discrediting conduct.

or foreign law is neither decisive nor material in determining whether his conduct was service-discrediting under the second clause of Article 134. The rationale for this position would be that for the factfinder even to consider state or foreign law creates the risk that a servicemember will be found guilty under Article 134 solely because he has committed a crime under state or foreign law and that this result is inconsistent with the intent of the third clause of Article 134—namely, that a court-martial consider only the "crimes and offenses not capital" defined by federal statutes and not those defined by state or foreign statutes.[5] A corollary would be that an accuser may not rely on state or foreign statutes in alleging service-discrediting conduct in violation of Article 134 and that a military judge should neither judicially notice such statutes, receive evidence intended to prove that these statutes have been violated, nor make any reference to the statutes in instructing the court members.

The Government now contends that all issues concerning the effect and applicability of state law can be avoided by this Court, because Sadler's activity was service-discrediting apart from state law. Therefore, according to appellate government counsel, the allegation that New Mexico statutes were violated may be disregarded as mere surplusage; and similar treatment may be given to any evidence or instructions to the members concerning the state statutes.

Had this contention been made at the trial level or earlier on appeal, we might have been tempted to accept it. However, as the record clearly reveals, the trial was conducted on the premise that the Government was required to establish that New Mexico's penal statutes had been transgressed. Therefore, at this late date, we will not close our eyes to the fact that the court-martial members found Sadler guilty of two specifications because they conclud-

ed that he had violated New Mexico statutes.

### B

■ As we have explained already, a servicemember may not be found guilty under Article 134 solely because his conduct violated a state or foreign law. In his instructions on the two specifications which alleged violations of New Mexico statutes, the military judge advised the court members that Sadler's conduct had to be "of a nature to bring discredit upon the armed forces." Thus, in a technical sense, the court members were advised that the Government had to establish something more than a violation of state law.

However, from reading the instructions as a whole and in the context of the preceding trial events, we believe it quite likely that the court members equated the violations of New Mexico statutes to violations of Article 134. Such an equation would contravene legislative intent. We conclude, therefore, that, at some point in his instructions, the military judge should have advised the court members unequivocally that Sadler could not be found guilty of violating Article 134 solely because he had violated New Mexico statutes, but that a statutory violation would be a circumstance to consider in deciding whether his conduct was service-discrediting.

### C

■ Our precedents require that court-martial members be instructed as to the elements of each charged offense. *See, e.g., United States v. Mance,* 26 MJ 244 (CMA), *cert. denied,* —— U.S. ——, 109 S.Ct. 367, 102 L.Ed.2d 356 (1988). Because of the Government's reliance on New Mexico statutes to show that appellant's conduct was service-discrediting, the military judge in this case was required to instruct on the elements of the crimes prohibited by those statutes. To enforce this requirement seems especially appropriate in this case, since New Mexico has a similar in-

---

**5.** A court-martial may consider state penal statutes under the specific circumstances contemplated by the Assimilative Crimes Act, 18 USC § 13.

structional requirement; and if Sadler had been tried in a state court for violating the same statutes, the state court judge would have been obligated to advise the jury as to the elements of the alleged offenses. *See, e.g., State v. Montoya,* 86 N.M. 155, 520 P.2d 1100 (App.1974).

In order to assist us in understanding the elements of the crimes defined by the New Mexico statutes, this Court attempted to obtain authoritative guidance. To this end, we sought to utilize a state procedure whereunder questions of law may be certified to the New Mexico Supreme Court. This effort proved unavailing, for the State Supreme Court declined to answer the question of New Mexico law that we had certified.[6] However, despite our unfamiliarity with the New Mexico statutes, we are now convinced that the military judge did not adequately instruct the court members as to the elements of the crimes prohibited by New Mexico laws.

For example, in instructing the members about contributing to the delinquency of a minor, the judge stated that the accused's conduct must be "in violation of New Mexico Statute 30–6–3";[7] but he failed to explain the necessary elements of that offense. Apparently, the judge was persuaded that giving wine to Ms. Kinder constituted *per se* contributing to the delinquency of a minor in violation of section 30–6–3. His premise seems to have been

that, because Sadler had violated a New Mexico statute prohibiting the furnishing of alcoholic beverages to minors, he necessarily had contributed to the delinquency of that minor.

If the military judge's premise was correct, we agree that he would not be required to instruct on the specific terms of the statute. Matters of law are for the military judge, not for the court members.[8] We are convinced from New Mexico case law that, under section 30–6–3, proof that a defendant has provided alcoholic beverages to a minor is legally sufficient to justify his conviction for contributing to a minor's delinquency.[9] However, it is not clear to us that under state law a jury *must* find the defendant guilty of contributing to a minor's delinquency under section 30–6–3 if they determine that he has furnished an alcoholic beverage to a minor. Thus, even though on the basis of virtually undisputed facts Sadler could properly have been convicted in a New Mexico court for contributing to Ms. Kinder's delinquency, we are unsure that a state court judge could properly have directed the jury to convict him.

■ Furthermore, in his instructions the military judge informed the court members that he had taken judicial notice of relevant New Mexico statutory provisions, which the court members had before them as prosecution exhibits 6 and 7; that the statutes were to "be considered ... as evidence

---

**6.** Thereafter, we requested briefs on that certified issue which we specified as follows:

WHETHER THE MILITARY JUDGE WAS CORRECT WHEN HE HELD THAT, UNDER SECTION 30–6–3 OF THE NEW MEXICO STATUTES ANNOTATED, THE GOVERNMENT WAS NOT REQUIRED TO PROVE THAT THE CONDUCT OF THE ACCUSED "CAUSED [THE VICTIM] TO CONDUCT HERSELF IN A MANNER INJURIOUS TO HER MORALS, HEALTH OR WELFARE." SEE NEW MEXICO PATTERN JURY INSTRUCTION 14–601.

**7.** 30–6–3. *Contributing to Delinquency of minor.* Contributing to delinquency of minor consists of any person committing any act, or omitting the performance of any duty, which act or omission causes, or tends to cause or encourage the delinquency of any person under the age of eighteen years.

Whoever commits contributing to delinquency of minor is guilty of a fourth degree felony.

**8.** *See, e.g., United States v. Paxson,* 861 F.2d 730 (D.C.Cir.1988), where Judge Sentelle points out that a defendant's Sixth Amendment right to trial by jury as to an essential element of an offense did not require that, in a prosecution under 18 USC § 1623, the "materiality" of a false declaration be submitted to the jury and that, instead, the trial court had properly ruled that the defendant's declarations were "material" as a matter of law.

**9.** *See, e.g., State v. Cuevas,* 94 N.M. 792, 617 P.2d 1307 (1980), where the New Mexico Supreme Court held that encouraging a minor to use an alcoholic beverage could be prosecuted under section 30–6–3, even though this conduct also violated a New Mexico alcoholic-beverage-control statute.

with all other evidence in the case"; and that the court members were "not required to accept as conclusive the matters I have judicially noticed." As we have made clear, "the judge should not instruct court members that they may disregard matters of law of which he has taken judicial notice." *United States v. Williams,* 17 MJ 207, 215 (CMA 1984); *United States v. Mead,* 16 MJ 270 (CMA 1983). *See also* Mil.R.Evid. 201A.[10] Instead, if he chose to place the language of the New Mexico statutes before the court members by means of prosecution exhibits, the military judge would have been well advised to repeat in his instructions the statutory language that he considered relevant and to have made clear to the court members that they were bound by his explanation of this language.[11]

■ The judge's instructions on specification 2 have similar defects. Section 30–6A–3 B—the New Mexico statute on which the prosecution relied—was before the court members as prosecution exhibit 7, to which the judge referred in his instruction on judicial notice.[12] The theory of the Government was that Sadler had violated section 30–6A–3 B by having Ms. Kinder exhibit her pubic area "for the purpose of sexual stimulation."

Earlier in the trial the prosecutor and the defense counsel had argued about the meaning of the language "for the purpose of sexual stimulation." Did it mean sexual stimulation of the accused, of his victim, or of the general public? However, the instructions given by the judge do not specif-

ically mention the necessary element that the act be for "the purpose of sexual stimulation." At most, they merely refer the members to the exhibit which set out the language of the statute. It remains unclear whether the judge concluded that it was necessary under New Mexico law for the Government to prove that Sadler was attempting to stimulate Ms. Kinder—as the defense argued was required—or instead was attempting to stimulate himself or third persons.

In any event, according to the statutes, the prohibited conduct must be "for the purpose of sexual stimulation" of *someone;* and the military judge should have mentioned this element in his instructions, instead of relying on a reference to a prosecution exhibit. Indeed, we have no assurance that the members read that exhibit and thus were aware of this element of the offense.

■ As to the second specification, the military judge also instructed the court members that ignorance or mistake concerning Ms. Kinder's age was no defense. Apparently ignorance of a minor's age is no defense to a direct charge of violating the New Mexico statute. It does not necessarily follow, however, that an honest and reasonable mistake about age would be irrelevant to a determination of whether conduct was service-discrediting under Article 134. In other words, a factfinder might conclude that the circumstances leading to an accused's mistake about age were so understandable that the conduct simply did not bring discredit upon the

10. After *Mead* and *Williams* were decided, Military Rule of Evidence 201A was amended to make clear that court members may not disregard the military judge's instructions as to domestic law which has been judicial noticed.

11. Under one reading of the military judge's instructions, he may have been trying to advise the court members that a violation of New Mexico law was not "conclusive" in establishing that appellant's conduct was service-discrediting and that the evidence establishing a violation of state law should be considered "with all other evidence in the case" in deciding whether Sadler's conduct was service-discrediting, as alleged.

12. The statute concerns " any prohibited sexual act"; and this term "means:

(1) sexual intercourse, including genital-genital, oral-genital, anal-genital or oral-anal, whether between persons of the same or opposite sex;

(2) bestiality;

(3) masturbation;

(4) sadomasochistic abuse for the purpose of sexual stimulation; or

(5) lewd exhibition of the genitals or pubic area of any person for the purpose of sexual stimulation."

armed forces—even though a state law was violated.

In this case, Ms. Kinder had informed appellant she was 17 at the time he took the allegedly lewd photographs. At that age, the conduct would have been outside the scope of the statute. Arguably, under this theory, the reasonableness of appellant's mistake might have been sufficient to render the conduct not service discrediting even though a law was violated. Because this issue was not raised in this case, we reserve judgment thereon.

### D

Because of the various instructional defects, we conclude that appellant is entitled to have the findings of guilty of the two specifications of Charge II which rely on New Mexico law set aside. Furthermore, since these findings had no appreciable effect on the sentence adjudged, and the relevant specifications raise several significant issues which were not addressed by the parties either at trial or on appeal, we conclude that, in the interest of judicial economy, these two specifications should be dismissed. *Cf. United States v. Fox*, 10 MJ 176 (CMA 1981).

### III

The decision of the United States Air Force Court of Military Review is reversed as to specifications 1 and 2 of Charge II; the findings of guilty thereon are set aside; and those specifications are dismissed. In all other respects the decision below is affirmed.

Judge COX concurs.

SULLIVAN, Judge (concurring in part and dissenting in part):

I join my Brothers in setting aside the decision below as to specification 1. The members were not given adequate instructions for deciding whether appellant's act contributed to the delinquency of a minor.

However, as to specification 2, I think the instructions were sufficient to permit the members to decide whether the charged acts were for the purpose of sexual stimulation.