UNITED STATES

v.

**Airman Basic Richard G. STRODE, Jr., FR332–64–9505, United States Air Force.**

**ACM 29734.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 7 Jan. 1992.

Decided 16 Dec. 1993.

Appellate Counsel for the Appellant: Colonel Jeffrey R. Owens, Major Alice M. Kottmyer, and Major Richard W. Aldrich.

Appellate Counsel for the United States: Colonel Richard L. Purdon, Colonel Jeffery T. Infelise, Lieutenant Colonel Brenda J. Hollis, Major Jeffrey C. Lindquist, Major Paul H. Blackwell, Jr., and Captain Jane M.E. Peterson.

Before SNYDER, RAICHLE, and JAMES, Appellate Military Judges.

## OPINION OF THE COURT

JAMES, Senior Judge:

This case requires us to determine whether Airman Strode's mistaken belief about a victim's age was inconsistent with his guilty pleas to allegations of sodomy with a child and indecent acts with a child. We began our analysis with the expectation that the same mistaken belief in these factually related offenses would lead us to the same answer for both offenses. However, we discovered that the statutory language on which the allegations rest led us to different results.

Airman Strode pleaded guilty to sodomy with a girl under 16 years of age and to an indecent act upon a girl under 16 years of age.[1] He now argues that his mistaken belief that the victim was over 16 years of age was inconsistent with his pleas. *See* Article 45(a), UCMJ, 10 U.S.C. § 845(a) (1988). *See also* R.C.M. 910(e). We hold that a mistaken belief about the victim's age is inconsistent with a guilty plea to indecent acts with a child but is not inconsistent with a guilty plea to sodomy with a child.

The parties stipulated that the victim would have testified that she told Airman Strode she was 16 years old. Airman Strode told the military judge, during the inquiry into the factual basis for his guilty pleas,[2] that he thought the victim was over 16 years

---

1. Articles 125 and 134, UCMJ, 10 U.S.C. §§ 925 and 934 (1988); Manual For Courts–Martial, United States, (hereafter "MCM") Part IV, paragraphs 51 and 87 (1984).

2. R.C.M. 910(e).

old.[3] The military judge responded, "It doesn't matter what you thought when [the offenses] took place[.]" Airman Strode eventually said he was satisfied that the victim was in fact under 16 years of age when he committed the offenses. He said he based his *present* knowledge of the victim's age on a report of investigation and conversations with his counsel. The military judge found appellant's pleas provident and convicted him in accordance with his pleas.

■ In the setting of this case, one might regard Airman Strode's mistaken belief as in the nature of a defense or as a matter inconsistent with the accuracy of his plea of guilty. If a military judge's inquiry into the factual basis of the pleas raises a potential defense, "the judge must explain this defense and reject the pleas if the defense is not negated." *United States v. Winter*, 35 M.J. 93, 94 (C.M.A.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 1268, 122 L.Ed.2d 664 (1993). Thus, if appellant's mistaken belief about the victim's age was a potential defense, the military judge's failure to explain the defense and resolve the inconsistency would require that the pleas be set aside. *See United States v. Adams*, 33 M.J. 300, 302–3 (C.M.A.1991). Similarly, "[i]f an accused ... after a plea of guilty sets up matter inconsistent with the plea, ... a plea of not guilty shall be entered in the record, and the court shall proceed as though he had pleaded not guilty." Article 45(a), UCMJ, 10 U.S.C. § 845(a) (1988). Thus, regardless which view one might take, Airman Strode's mistake is important if an accused's belief as to the victim's age is relevant in these offenses.

## I. MISTAKE OF FACT GENERALLY

■ A general rule of criminal law is that an "evil-doing hand" is not guilty of a crime unless it was accompanied by an "evil-meaning mind." *See Morissette v. United States*, 342 U.S. 246, 251, 72 S.Ct. 240, 243, 96 L.Ed. 288 (1952); *see also United States v. Brown*, 19 M.J. 63, 64 (C.M.A.1984). Thus, a mistaken belief as to events and circumstances can be a defense to otherwise criminal conduct. As with most general rules, this one has exceptions. Most jurisdictions have at sometime enforced "strict liability" offenses, i.e., those that don't require criminal intent or knowledge of the factual basis for the offense. A well recognized "strict liability" offense is statutory rape or carnal knowledge. *See* Article 120, UCMJ, 10 U.S.C. § 920 (1988); *United States v. Adams*, 33 M.J. 300, 301 (C.M.A.1991); *United States v. Carr*, 18 M.J. 297, 301 (C.M.A. 1984); MCM, Part IV, paragraph 45 (1984). However, the modern trend has been to consider a reasonable mistake of age as a defense to statutory rape.[4] *See* 18 U.S.C. § 2243(c)(1) (1988); *Adams*, 33 M.J. at 301 n. 4; *See generally* Model Penal Code § 213.-6(1) and comment at 413 (1980); DAD Notes, *A Mistake of Wife Defense?*, The Army Lawyer, September 1990, at 21 n. 7.

The Manual for Courts–Martial acknowledges the mistake of fact defense and an exception:

> Except as otherwise provided in this subsection, it is a defense to an offense that the accused held, as a result of ignorance or mistake, an incorrect belief of the true circumstances such that, if the circumstances were as the accused believed them, the accused would not be guilty of the offense. If the ignorance or mistake goes to an element requiring premeditation, specific intent, willfulness, or knowledge of a particular fact, the ignorance or mistake need only have existed in the mind of the accused. If the ignorance or mistake goes to any other element requiring only general intent or knowledge, the ignorance or mistake must have existed in the mind of the accused and must have been reason-

---

3. Summarized testimony of an Air Force investigator given at the investigation under Article 32, UCMJ, 10 U.S.C. § 832 (1988), would, if admitted on the merits, have been some evidence from which one might conclude that Airman Strode's mistake was reasonable. The investigator said that the 13–year–old victim looked older than her age and that it was possible to conclude that she was between 16 and 20 years of age.

4. The Joint–Service Committee on Military Justice has forwarded to the Department of Defense General Counsel a recommendation, consistent with that trend, that Article 120, UCMJ, be amended to provide a mistake of fact defense for carnal knowledge.

able under all the circumstances. However, if the accused's knowledge or intent is immaterial as to an element, then ignorance or mistake is not a defense.

R.C.M. 916(j). One example, according to the Manual, of an element for which the accused's knowledge or intent is immaterial is the victim's age in carnal knowledge. *See generally* R.C.M. 916(j), Discussion. *See also Carr,* 18 M.J. at 301; *Adams,* 33 M.J. at 301; MCM, Part IV, paragraph 45c(2) (1984). Although we have referred several times to carnal knowledge, we have not forgotten that Airman Strode was convicted of sodomy and indecent acts. However, an understanding of the intimate connection between the last sentence of R.C.M. 916(j) and carnal knowledge helps one understand the authoritative value of R.C.M. 916(j).

 Appellate government counsels' argument that mistake of age is not a defense for either offense relies for support on the last sentence of R.C.M. 916(j), but we find that emphasis to be unwarranted.

[T]he President's rule-making authority does not extend to matters of substantive military criminal law. Arts. 36 and 56, UCMJ, 10 U.S.C. §§ 836 and 856, respectively. Thus, even ignoring constitutional questions, such a Manual provision could only be effective if it reflected a legislative act.

*Ellis v. Jacob,* 26 M.J. 90, 92–93 (C.M.A. 1988) (referring to the R.C.M. 916(k)(2) bar to the partial mental responsibility defense). R.C.M. 916 is less an expression of procedural rule-making under Article 36(a) than a convenient treatise. We are aware of no legislative authority for the general proposition contained in the last sentence of R.C.M. 916(j). Instead, we find it to be only an acknowledgement that Congress can and has enacted "strict liability" offenses such as carnal knowledge. Thus, the only legislative authority for the last sentence of R.C.M. 916(j) is derived from punitive articles enacted by Congress. In other words, R.C.M. 916(j) does not bar the mistake of fact defense generally, but only in those instances in which Congress has determined that an ac-

cused's knowledge or intent is immaterial as to an element, e.g., carnal knowledge. Whether a mistake of fact defense was available for Airman Strode depends on the statutory elements of the two offenses.

## II. MISTAKE OF FACT & SODOMY

██ Article 125, UCMJ, 10 U.S.C. § 925 (1988), provides:

(a) Any person subject to this chapter who engages in unnatural carnal copulation with another person of the same or opposite sex or with an animal is guilty of sodomy. Penetration, however slight, is sufficient to complete the offense.

(b) Any person found guilty of sodomy shall be punished as a court-martial may direct.

We have set out the entire statutory provision as much for what it *doesn't* say as for what it does say. Article 125 says nothing about the victim's age. *Compare* Article 125, UCMJ *with* MCM, Part IV, paragraph 51b and 51e (1984). The age "element" contained in Part IV of the Manual for Courts–Martial "merely establishes a hierarchy of maximum sentence levels within the statutory offense...." *United States v. Lingenfelter,* 30 M.J. 302, 305 (C.M.A.1990).[5] The victim's age is not an element of a sodomy conviction but is instead an aggravating "element" used for determining the maximum punishment. Age of the victim in sodomy has the same function as "military property" in larceny, *compare* Article 121, UCMJ, 10 U.S.C. § 921 (1988) *with* MCM, Part IV, paragraphs 46b and 46e (1984, Change 3), as we discussed in *United States v. Field,* 36 M.J. 697 (A.F.C.M.R.1992), and *United States v. Bellett,* 36 M.J. 563 (A.F.C.M.R.1992). Thus, even if the victim had been over 16 years old as Airman Strode believed, he would still be guilty of the offense of which he was convicted, sodomy in violation of Article 125, UCMJ.

██ Airman Strode's mistaken belief was not relevant to his *conviction* for sodomy, and, therefore, it could not have been a defense. Airman Strode's mistaken belief about the victim's age was not inconsistent

---

5. The President has the authority to establish maximum punishments, Article 56, UCMJ, 10 U.S.C. § 856 (1988), in contrast to his lack of authority on matters of substantive criminal law.

with his plea of guilty to sodomy. Accordingly, the findings of guilty to Charge I and its specification are correct.

## III. MISTAKE OF FACT & INDECENT ACTS

We now turn to indecent acts with a child under the age of 16 years. We will follow the same pattern of analysis that we used for sodomy: We must determine the role of age in this offense and examine the statutory elements.

Article 134, UCMJ, 10 U.S.C. § 934 (1988), prohibits "all disorders and neglects to the prejudice of good order and discipline in the armed forces, all conduct of a nature to bring discredit upon the armed forces, and crimes and offenses not capital[.]" The record shows that the parties treated this specification as a service discrediting offense under clause two.

Article 134, like Article 125, says nothing about the victim's age. Thus, as we did in our examination of sodomy, we will determine whether Airman Strode's mistaken belief went only to the *degree* of his legal culpability or to the issue of whether his conduct was legally "wrong at all." *United States v. Adams,* 33 M.J. 300, 302 (C.M.A. 1991).[6] In other words, if we disregard the victim's age, was his conduct criminal? If the answer is Yes, his mistaken belief was only a mitigating factor and irrelevant to the question of whether he committed a statutory offense.

When we disregard the victim's age, the only criminal offense Airman Strode might have committed is indecent acts with another. *See* Article 134, UCMJ; 10 U.S.C. § 934 (1988); MCM, Part IV, paragraph 90 (1984). We will now analyze the evidence admitted at trial and the providence inquiry to determine whether Airman Strode committed such an indecent act if the facts were as he believed. He pleaded guilty to placing his finger in the victim's vagina, and neither the stipulation of fact nor the providence inquiry described the alleged indecent act in any more detail. He stated during the providence inquiry, "I am married and I am a member of the ... Air Force ..., and with the facts ... that we know *now*, of her age and taking that into consideration, it would, in my mind be an indecent act." Emphasis added.

■ We compared the facts of this case to those in *United States v. Woodard,* 23 M.J. 514 (A.F.C.M.R.1986), *vacated and remanded on other grounds,* 23 M.J. 400 (C.M.A.), *findings set aside on other grounds,* 24 M.J. 514 (A.F.C.M.R.1987). *Woodard* found consensual, heterosexual "heavy petting" or "conventional sexual foreplay" between a 28–year–old married officer and a 16–year–old female baby-sitter to be "resting at the outer limits of what could be sustained as indecent and, therefore, criminally culpable."[7] 23 M.J. at 516–17. We find that the private, consensual, noncommercial, heterosexual act of foreplay committed by the 22–year–old married Airman Strode was *beyond* the "outer limits of what [can] be sustained as indecent." *Id.* We conclude that *when the victim's age is disregarded,* Airman Strode's conduct was not criminal. Therefore, his mistaken belief goes to whether his conduct was legally "wrong at all."

Finally, we must determine whether Airman Strode's *knowledge* of the victim's age is relevant to any of the elements of proof for the charged offense. The President has described elements of proof for "conduct" described as indecent acts or liberties with a child in the Manual for Courts–Martial:

(a) That the accused committed a certain act upon or with the body of a certain person;

(b) That the person was under 16 years of age and not the spouse of the accused;

(c) That the act of the accused was indecent;

---

6. We acknowledge that *Adams* discussed legal *and moral* culpability, but we have only a limited occasion to address the moral aspects of Airman Strode's behavior. We will consider morality only to the extent that it is necessary for us to define "indecent" conduct. *See* MCM, Part IV, paragraphs 87c(3) and 90c (1984).

7. Although *Woodard* stated that no one other than the participants viewed the acts, the Court reached its conclusion that the acts were indecent in part because the acts "occurred under inappropriate circumstances, while she was babysitting." 23 M.J. at 517.

(d) That the accused committed the act with the intent to arouse, appeal to, or gratify the lust, passions, or sexual desires of the accused, the victim, or both; and

(e) That, under the circumstances, the conduct of the accused ... was of a nature to bring discredit upon the armed forces.

MCM, Part IV, paragraph 87 (1984).[8]

The government argues that Airman Strode's mistaken belief concerning age was irrelevant because the age element doesn't require knowledge. However, as we stated in our introduction, the proper focus is on the statutory elements of Article 134. Regardless whether knowledge of the victim's age is relevant to the proscribed conduct, a reasonable mistaken belief about the victim's age is relevant for determining whether the conduct was discrediting to the service. *See United States v. Sadler*, 29 M.J. 370, 377–78 (C.M.A. 1990). "[A] factfinder might conclude that the circumstances leading to an accused's mistake about age were so understandable that the conduct simply did not bring· discredit upon the armed forces[.]" *Id.*[9]

We hold that Airman Strode's assertion that he believed the victim was over 16 years old was relevant to the determination whether he committed an indecent act with a child and was "inconsistent with the plea" to that offense because the act would not have been "indecent" and might not have been service discrediting had the victim been as old as he believed. Article 45(a), UCMJ, 10 U.S.C.

§ 845(a) (1988). Since the military judge did not inquire into this inconsistency, the plea of guilty to Charge II and its specification must be set aside.

■ However, the military judge regarded the two offenses as multiplicious for sentencing. Thus, any impact which the faulty findings as to Charge II might have had were foreclosed. No relief on sentence is required to cure the error.

## IV. CONCLUSION

The findings of guilty to Charge I and its specification are correct in law and fact and affirmed. The findings of guilty to Charge II and its specification are set aside. The sentence is correct in law and fact, and it is not inappropriate. The sentence is affirmed.

Senior Judge RAICHLE concurs.

SNYDER, Senior Judge (dissenting):

This case reminds me of the adage: "Don't bother me with the facts, my mind's made up!" My premise is simple: even assuming *arguendo* the correctness of the substantive legal conclusion found by the majority,[10] applying it *to the instant case* is forcing a square peg into a round hole. Is matter inconsistent with . a guilty plea found within the record of the proceedings between arraignment and the resting of both parties' cases, or is it found by postulating theories

---

**8.** We traced the source of elements (a) through (d) to the 1948 District of Columbia Code. 62 Stat. 347, Ch. 428, Title I, § 103 (1948) (presently codified as D.C.Code Ann. § 22–3501 (1973)). *See United States v. Brown,* 3 U.S.C.M.A. 454, 13 C.M.R. 10 (1953); *United States v. Hopp,* 4 C.M.R.(A.F.) 706, 715–16 (1951). *See generally* MCM, Chapter XXVIII, paragraph 213f(3) (1969 Rev.); MCM, Chapter XXVIII, paragraph 213d(3) (1951); Manual For Courts–Martial, U.S. Air Forces, paragraph 183c, (1949). Interestingly, the 1948 District of Columbia Code specifically stated that lack of knowledge of the child's age is not a defense. 62 Stat. 347 (1947); D.C.Code Ann. § 22–3501(c) (1973). However, this explicit renunciation of the mistake of age defense was never incorporated into the Manual for Courts–Martial's discussion of this offense or into any military appellate decisions.

**9.** We know that the *Sadler* statement is dicta, but *Sadler* showed us how to analyze the issue. Fur-

thermore, the Sadler approach (that service-decreditingness must be proved, not assumed away or ignored) is not novel. *See United States v. Williams,* 8 U.S.C.M.A. 325, 24 C.M.R. 135 (1957). We also found the *Sadler* rationale consistent with the modern trend of providing a defense for comparable child sex offenses. Both Title 18 of the United States Code and the Model Penal Code would provide a reasonable mistake of age defense under the facts of this case. 18 U.S.C. § 2243(c)(1) (1988); Model Penal Code § 213.6(1).

**10.** I am—at best—dubious of the correctness of the majority's legal conclusion. I prefer somewhat more of a foundation than *dicta* in an inapposite case, *see United States v. Sadler,* 29 M.J. 370 (C.M.A.1990), and an "emerging trend," as exhibited in a proposed amendment to Article 120, UCMJ, 10 U.S.C. § 920 (1988), towards recognizing a defense of reasonable mistake of age in sex offenses involving minors.

on matters we *inject* into the record? I believe the answer is the former. *See United States v. Felix,* 36 M.J. 903 (A.F.C.M.R. 1993) (*en banc*), *pet. granted,* 38 M.J. 441 (C.M.A.1993).

My reading of the record does not reveal the inconsistency on which the majority rests its conclusion. The best evidence of this is the providence inquiry. The salient portions thereof on the sodomy offense reflects:

Acc: After that, myself, I took most of the—well, I drank most of the things that we had to drink. Uh, I in turn passed out in Robby Gilmore's car, in the back seat. When I awoke, there was Ms [R], [R], in the back seat with me rubbing on me. I could hear—when I woke up, I heard her. She was speaking to me saying—saying that I was pretty and rubbing on my genitals. In turn, we left there—her and her friend got in the car. She had been speaking with one of the other passengers. She in turn got in to the case. We left and went back to Sergeant Johnson's apartment. We then went upstairs, went in to a room. We talked. She got undressed, she undressed me—

\* \* \* \* \* \*

Acc: Uh, after she undressed, she undressed me. We laid on the bed. That's when I, well—she laid on the bed. I fell on her, we kissed. I moved myself towards her vagina, performed oral sex and, at the same time, inserted my finger. After that—.

MJ: [O]kay, we'll come back to that part of it. . . .

\* \* \* \* \* \*

MJ: Tell me this, as we sit here in court today, are you satisfied in your own mind that she was a female under 16? I'm not talking about what you thought at the time. I'm talking about today—are you satisfied she was, in fact, under 16?

Acc: No, sir.

MJ: You're not? Do you think she may have been over 16 or 16?

Acc: Yes, sir.

MJ: Well, again, an element of this offense [sodomy] is that she be a female under 16

at the time this happened. You're telling me that you are not sure of that?

Acc: Okay. Are you sayin' right when it took place?

MJ: I'm not talking about when it took place—.

Acc: You're sayin' now—.

MJ: [F]or right now. It doesn't matter what you thought when it took place.

Acc: [O]h, okay.

MJ: [L]et's put that aside. I'm saying as we sit here in court today, are you satisfied in your own mind that she was under 16?

Acc: Yes, sir.

MJ: Tell me how you know that?

\* \* \* \* \* \*

Acc: Okay. There was a report written from the OSI that related that and my counsel also spoke to her and had speech from her that told him that.

After the above dialogue on the charge of sodomy, the military judge then turned appellant's attention to the charge of indecent acts with a child less than 16 years of age. The dialogue reflects:

Acc: After the—after the oral sex part of it, then I proceeded to insert my finger in her vagina. After that, uh, well, at the time—I can't really remember after that but that was it. There was no other—that was it. I got up and—.

\* \* \* \* \* \*

MJ: I understand that you had been doing some drinking before this?

Acc: Yes, sir.

MJ: Do you think you were intoxicated?

Acc: Yes, sir, I was.

MJ: Even though you were intoxicated, is it correct to assume that you knew what you were doing?

Acc: (no response).

MJ: I'm not talking about the long-term of regrets and things like that. I'm saying were you aware of the acts you were engaging in at the time you were engaging in them—that's what I mean by did you know what you were doing?

Acc: Yes, sir.

MJ: You did?

Acc: Yes, sir.

 * * * * * *

MJ: Just tell me why, in your own mind, you think your conduct here was either service discrediting or prejudicial to good order and discipline in the military—what do you think about that?

Acc: My thoughts personally is the fact, once again that based on the things that we know of the girl, of [R's] age and of my marital status, that I feel that in the Air Force eyes would—you know—deem this—you know—would be indecent.

MJ: No, I'm talk—we got past that part of it. I'm saying why do you think your conduct was either prejudicial to good order and discipline in the military or service discrediting—why do you think that?

Acc: Uh, service discrediting—once again, the fact of the age *and my marital status.* (Emphasis added).

Our precedents are clear. There must be a substantial basis for finding a conflict with appellant's guilty plea. *United States v. Prater,* 32 M.J. 433 (C.M.A.1991); *United States v. Clark,* 28 M.J. 401 (C.M.A.1989); *United States v. Logan,* 47 C.M.R. 1 (C.M.A. 1973). Is there a substantial basis in this case? I believe not. Even after making allowance for the fact the military judge told appellant to limit his response to the facts as they existed at trial, appellant's statement regarding his knowledge of R's age does not reflect a *reliance* by him on a mistaken belief she was over 16.

When our review is confined to *the record,* there is no substantial basis for the defense of honest and reasonable mistake of fact. Even with our Article 66(c), UCMJ, 10 U.S.C. § 866(c), fact finding power, referral to matters outside the record of trial, as reflected in note 3, *supra,* to substantiate an inconsistency is improper. The Article 32 Investigation is not part of the record of trial. *United States v. Bethea,* 46 C.M.R. 223 (C.M.A.1973); *see United States v. Penn,* 39 C.M.R. 194 (C.M.A.1969).

Appellant's main explanation during his inquiry was his intoxication. He basically awoke from an alcohol-induced sleep in the back seat of a car to find his genitals being massaged by a female he did not even know. His statements reveal no indication that he relied on R's appearance, or other factors, to form and act on a mistaken belief she was at least 16 years of age. The stipulation of fact states only that R was not a virgin, and she and appellant talked approximately 10 minutes before they undressed. Appellant, no doubt due to his imbibing, did not remember R telling him she was 16, if she in fact did so.[11] Appellant's responses, in their entirety, lead me to conclude he never considered R's age. His responses indicate that, in addition to alcohol, his being in the presence of an all too willing female led him to follow his instincts. Although R's demeanor may well have contributed to his not considering her age, that is not the same as his *affirmatively relying* on such factors. *Logan,* 47 C.M.R. at 3 (responses raised possibility of duress as defense, but Court concluded Logan did not commit offense because of the threat but to make money).

The majority is also in error in its conclusion that the facts as putatively believed by appellant would constitute a defense. This conclusion is grounded on the majority's analysis of appellant's potential culpability for an indecent act with another. Converting R to a female at least 16 years of age and appellant's act into sexual foreplay does not result in an absence of criminality. The other surrounding factors must also negate criminality. *See United States v. Stocks,* 35 M.J. 366 (C.M.A.1992).

If the facts were as the majority postures them, appellant would be in the position of a *married military member* engaging in a sexual act with a 16 year old female waif not his wife. Regardless of the morals or physical endowments of the female, one does not stretch Article 134 in concluding such conduct is service discrediting. Appellant himself correctly referenced his marital status in

11. The stipulation of R's expected testimony does not disclose whether this was in response to an inquiry by appellant.

concluding his conduct was service discrediting. Regardless of appellant's belief regarding R's age, his actions were service discrediting, and the spectre of an affirmative defense regarding her age is rendered illusory.

Accordingly, I dissent.