UNITED STATES, Appellee,

v.

**Earl W. COX, Jr., Sergeant, U.S. Air Force, Appellant.**

No. 45099.
ACM 23543.

U.S. Court of Military Appeals.

June 18, 1984.

For Appellant: *Captain Kathleen G. O'Reilly* (argued); *Colonel George R. Stevens* (on brief); *Colonel Leo L. Sergi.*

For Appellee: *Major Robert E. Ferencik, Jr.* (argued); *Colonel Kenneth R. Rengert* and *Major Michael J. Hoover* (on brief).

*Opinion of the Court*

COOK, Senior Judge:

In this case, appellant was convicted, contrary to his pleas, of a series of sexual offenses* involving four little girls whose ages ranged from 5–10 years at the time of the offenses.

I

■ The first question we consider is whether the offense of sodomy was sufficiently alleged. The specification charged that appellant committed sodomy by "licking the genitalia" of one of the little girls. In order to complete the offense of sodomy, some penetration, "however slight," is required. Para. 204, Manual for Courts-Martial, United States, 1969 (Revised edition); *see* Article 125, Uniform Code of Military Justice, 10 U.S.C. § 925. Appellant would define "licking" as "pass[ing] the tongue over," which, in turn, so the argument goes, constitutes a refutation of penetration. However, the "female genitalia" include a large number of organs, the majority of which are located either partially or entirely inside the body's perimeter. R. Warwick and P. Williams, *Gray's Anatomy* 1363–64 (35th British ed., 1973). Thus, "licking" in no way negates penetration, as the evidence at trial confirmed.

■ A specification is sufficient if every essential element of an offense is alleged, at least by implication. *United States v. McCollum*, 13 M.J. 127 (C.M.A. 1982). As it is not contended that any of the elements were not sufficiently alleged (nor do we find any missing), but merely that this supposed "inconsistency" was set up—and we reject that contention—the assignment of error is without merit.

II

■ The next issue concerns the appropriateness of the trial judge's ruling that a pediatrician could testify regarding the truthfulness of two of the victims (sisters) whom he had treated. The testimony arose in the following context: After the prosecution presented its case-in-chief, including the girls' testimony, the defense attacked their credibility with witnesses who contended that they were untruthful children. In rebuttal, the prosecution called the pediatrician, Doctor Richard Chandler, to testify as to the girls' truthfulness and veracity. Chandler had interviewed them extensively regarding the charged offenses. Trial counsel attempted to elicit the doctor's opinion of their general character for truthfulness. However, the doctor's responses implied that he believed that they were being truthful with him in describing appellant's attacks on them.

Defense counsel objected to the lack of generalness of the opinion testimony, and the military judge agreed. Accordingly, he gave the members the following on-the-spot instruction:

All right. The question is this. Going as to the character of the kids for truthfulness, all right? At this stage of the proceeding the doctor can state as a witness his opinion as to the truthfulness or lack of truthfulness concerning the character for telling the truth or not telling the truth of Melissa and Mandy Cunningham. All right? Is that clear that we're not now—that is all his testimony means up to now, do you understand that? Okay.

---

* One specification of sodomy with a child under the age of sixteen years, in violation of Article 125, Uniform Code of Military Justice, 10 U.S.C. § 925; three specifications of assault consummated by a battery on children under the age of sixteen years, in violation of Article 128, UCMJ, 10 U.S.C. § 928; and six specifications of taking indecent liberties with children under the age of sixteen years, in violation of Article 134, UCMJ, 10 U.S.C. § 934. An officer panel sentenced appellant to a dishonorable discharge, confinement at hard labor for 8 years, total forfeitures, and reduction to E–1. The convening authority approved the sentence, and the Court of Military Review affirmed.

On this appeal, appellant persists in his contention that Dr. Chandler's testimony violated Mil.R.Evid. 608(a), which provides:

The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

Assuming Mil.R.Evid. 608(a) is an absolute bar to Dr. Chandler's opinion, we believe that the instruction provided by the military judge was sufficient to correct any misperception on the part of the court members. Accordingly, this assignment of error is without merit.

### III

The third issue concerns the multiplicity of two specifications—sodomy and indecent liberties—involving one of the little girls. The evidence was that appellant induced this victim to accompany him into a men's room stall, where he caused her to remove her pants and spread her legs. He then performed cunnilingus on her. In addition, he inserted a candy cane into her vagina and, upon withdrawing it, forced her to lick it. The trial judge, while finding a unity of time in the two incidents, considered the offenses as separate for both findings and sentencing purposes. We agree.

The elements of sodomy with a child under the age of sixteen years are:

(a) That the accused engaged in unnatural carnal copulation with a certain other person ... as alleged; and, ..., (b) that the act ... was done with a child under the age of 16 years.

Para. 204, Manual, *supra*.

The elements of indecent liberties with a child under the age of 16 years are:

(a) That the accused took certain immoral, improper or indecent liberties with a certain child, as alleged; or that he performed a certain lewd or lascivious act upon or with the body of a certain child, as alleged; (b) that the child was under the age of 16 years, as alleged; (c) that the intent of the accused was to arouse, appeal to, or gratify the lust or passions or sexual desires of the accused or the child or both, as alleged; and (d) that, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

Para. 213(f)(3), Manual, *supra*.

▬ As there are elements in each offense which are not contained within the other, and as there is no Congressional or Presidential guidance to the contrary, the military judge was within his discretion in treating these offenses as separate for all purposes. *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In any event, even if the offenses are considered multiplicious for sentencing, the maximum confinement which appellant might then have received would have been 61 years, instead of 68 years. In view of the fact that appellant's sentence included only 8 years' confinement, we hold he could not possibly have suffered prejudice. Article 59(a), UCMJ, 10 U.S.C. § 859(a). Accordingly, the issue is without merit.

### IV

▬ The final granted issue deals with the correctness of an instruction given by the military judge in response to a court member's question. After the court closed to deliberate on findings, it reopened to ask several questions. In particular, a member wanted to know whether, if he believed that a pattern of lustful intent was established in several specifications, could he use this belief to influence him as circumstantial evidence in another specification. The trial judge instructed, over defense objection:

Now, only matters properly before the court as a whole may be considered. You should not, for instance, be influ-

enced by any knowledge of the acts, character, or service of the accused not based upon the evidence or other proper matter before this court, by any opinions not properly in evidence, or by motives of partiality, favor, or affection. In weighing the evidence, you are expected to utilize your common sense, your knowledge of human nature, and the ways of the world. In light of all the circumstances of this case, you should consider the inherent probability or improbability of the evidence. Okay?

Appellant objected, as he still does, that the instruction was "no answer at all," and that it implied that it was permissible for the members to "take intent from December and transfer it to the following November." A shorter answer, but equally correct, would have been simply, "Yes!" "Evidence of other crimes, wrongs," and even "acts" are specifically admissible to prove, *inter alia,* intent. Mil.R.Evid. 404(b). Therefore, this assignment of error is also without merit.

For the foregoing reasons, the decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge EVERETT and Judge FLETCHER concur.