**UNITED STATES**

v.

**Senior Airman Donald E. WELLS, FR 292–72–9821, United States Air Force.**

**ACM 24167 (f rev).**

U.S. Air Force Court of Military Review.

Sentence Adjudged 17 Aug. 1983.

Decided 28 March 1985.

---

Appellate Counsel for the Accused: Colonel Leo L. Sergi, Major Richard A. Morgan, and Major Michael B. Jennison, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Kevin L. Daugherty.

Before RAICHLE, CANELLOS and CARPARELLI, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

CARPARELLI, Judge:

Appellant was convicted, *inter alia*, of attempted distribution of marijuana on 23 April 1983, (Specification, Charge II), and of possession of marijuana, (Specification 3, Charge I), on the same date. In our initial review we affirmed all findings of guilty and the sentence. The United States Court of Military Appeals has remanded the case for further consideration of the question of whether the above mentioned specifications were multiplicious. *United States v. Wells*, 19 M.J. 211 (C.M.A.1984), citing *United States v. Duenas*, 16 M.J. 416 (C.M.A.1983), *United States v. Ricci*, 15 M.J. 76 (C.M.A.1982), *United States v. Baker*, 14 M.J. 361 (C.M.A.1983), *United States v. Ragin*, 13 M.J. 42 (C.M.A.1982). Having considered the remanded issue, we find no error.

### Multiple Convictions

The evidence showed that, on 22 April 1983, the appellant was contacted by an informant and an undercover agent of the Air Force Office of Special Investigations (OSI), who told him they wanted to buy some marijuana. The appellant said he could get them a quarter-pound of sensimillian marijuana for about $300.00 or a quarter-pound of Columbian marijuana for about $250.00. The agent said he would buy the sensimillian. The following day, the appellant went to the hotel room where the agent was staying and told him the supplier wanted $325.00 for the sensimillian. When the agent told the appellant he would not pay the higher price, the appellant offered to get the same quantity of Columbian for $250.00. The agent, the informant, and the appellant then left the agent's hotel room and went to appellant's residence. The appellant tried to call his supplier to obtain the Columbian but was unable to connect with the supplier. The three went to the basement and began playing darts. The appellant then took out a marijuana cigarette and asked the agent

and the informant if they wanted to smoke it. They both declined.

Prior to presentation of evidence on the merits, defense counsel, in a motion for appropriate relief, requested that the prosecution be made to specify whether the allegation of attempted distribution of marijuana in the Specification of Charge II referred to the transaction in which the appellant was said to have tried to procure the quarter-pound of marijuana and sell it to the undercover agent or to appellant's alleged possession of the marijuana cigarette and his offer to share it. The prosecution responded that the Specification of Charge II, alleging attempted distribution of marijuana, referred exclusively to the former transaction and that Specification 3, Charge I, alleging possession of marijuana, referred exclusively to the latter. During trial counsel's closing argument, his comments regarding proof of each of the subject specifications was consistent with his earlier response.

We must determine whether, under the facts of this case, Articles 80 and 134, U.C.M.J., 10 U.S.C. §§ 880, 934, and applicable portions of the Manual for Courts-Martial permit separate convictions for these offenses. Our review of the Code and the Manual reveals no basis upon which to infer that the legislature or the President intended that these offenses be treated as a single offense for findings purposes. In addition, we find no basis to infer a legislative or presidential intent to bar the government from alleging two such incidents in separate specifications or from alleging only possession when attempted distribution could be alleged. Because we can discern no expressed, implied, or inferable intent, we must apply the rule of construction prescribed in *United States v. Baker, supra.*

▆▆▆ Before specifications can be found multiplicious under the *Baker* rule, they must arise from the same act or transaction. If they do, courts must continue the analysis and determine whether the specifications require separate elements of proof and whether one specification "fairly embraces" the other. On the other hand, if the specifications do not arise from the same act or transaction, the offenses are factually separate and separate convictions may properly be entered. *United States v. Baker,* 14 M.J. at 368. The analysis of whether offenses arise from the same or separate acts or transactions should therefore be viewed as a threshold requirement in the application of the *Baker* rule of construction in situations when actual legislative intent cannot be ascertained.

In *United States v. Burney,* 21 U.S.C. M.A. 71, 44 C.M.R. 125 (1971), thieves wrongfully appropriated a truck and, during the ensuing four hours, used it to steal military field gear. The Court of Military Appeals found that the appropriation of the truck and the theft of the field gear were separate. In its effort to determine whether the offenses arose from the same act or transaction, the court stated that a series of offenses should not be viewed as a single transaction unless the offenses concern a similar "object" and involve an "insistent flow of events." Under the facts in *Burney,* the court found that, although the motive for appropriating the truck was to commit the larceny, the "object" of the crimes differed. The object of the first was the truck and the object of the other was the field gear. In addition, the court found no "insistent flow of events" because the perpetrators "could have abandoned their plan to steal the field gear after they had succeeded in 'borrowing' the truck." The court thus concluded that Burney's offenses had not arisen from a single transaction but from separate transactions. *Burney,* 44 C.M.R. at 129. *See United States v. Murphy,* 18 U.S.C.M.A. 571, 40 C.M.R. 283 (1969); *United States v. Payne,* 12 U.S.C.M.A. 455, 31 C.M.R. 41 (1961). In *United States v. Ompad,* 15 U.S.C.M.A. 593, 36 C.M.A. 91 (1966), a short but "clear cut" and "definite" time

lapse and a distinguishable change of location between an initial assault and a subsequent one upon the same victim were ample to support the conclusion that the two offenses did not arise from the same act or transaction.

■ We find that the offenses before us did not arise from the same act or transaction. In reaching this conclusion we note that the "object" of the attempted distribution was a quarter-pound of specific kinds of marijuana. The marijuana cigarette which was possessed was not part of the quarter-pound parcel which was discussed. There was no apparent connection between the possession of the cigarette and the appellant's efforts to obtain and distribute the larger quantity nor was there evidence that any of the parties viewed any connection. There was no "insistent flow of events" because the appellant could easily have committed the first offense and abandoned any thought of the latter offense. *Burney, supra; Murphy, supra;* and *Payne, supra.* In addition, the negotiations regarding the distribution of the larger amount occurred at times and places entirely separate and distinct from the possession of the cigarette. *United States v. Ompad, supra.*

Having applied the first aspect of the *Baker* rule of construction, we conclude that the offenses did not arise from the same act or transaction and, therefore, find that the offenses are separate for findings purposes. *United States v. Worden,* 17 M.J. 887, 889 (A.F.C.M.R.1984); *see also United States v. Holt,* 16 M.J. 393 (C.M.A. 1983); *United States v. Baker, supra* at 367–368; and *United States v. Ridgeway,* 19 M.J. 681, 685 (A.F.C.M.R.1984).[1]

*Multiple Punishments*

■ The military judge also treated the offenses as separate for sentencing. We find that he was correct. The focus of the issue of sentencing multiplicity is legislative intent as to separate punishments. Similar to our earlier analysis, we find no expressed or implied legislative intent relevant to the resolution of the issue of multiplicity as to punishment; nor do we find any basis from which to infer such intent. Under these circumstances legislative intent may, in most cases, be constructively determined by application of rules of construction provided by the Supreme Court in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed.2d 306 (1932), and by the President in paragraph 76*a*(5) of the Manual for Courts-Martial, 1969 (Rev.). As in the *Baker* rule of construction, both rules require that, as a threshold matter, we first determine whether the offenses arose from the same act or transaction. If they do, the rules then look to the existence of separate elements of proof as a basis to infer Congressional intent as to separateness. If the offenses do not arise from the same act or transaction they may be separately punished.

In our discussion of the issue of findings multiplicity we considered this same threshold matter and determined that the two specifications, as drafted and clarified in response to the defense motion, arose from separate acts. Having resolved the question once as to the facts before us, we need not repeat our analysis. Because the offenses arose from separate acts, the remaining aspects of the separate elements rule of construction need not be applied

1. When offenses do not factually arise from the same act or transaction, no further analysis is necessary. Nevertheless, we also note that, upon trial counsel's statement of particulars, appellant was on notice that, as to the Specification of Charge II, he need not defend against an allegation that the offer of the one cigarette constituted an attempted distribution. Similarly, as to Specification 3, Charge I, he was on notice that he must defend against the allegation that he possessed the one cigarette and nothing more. Under these circumstances the possession alleged in Specification 3, Charge I, requires proof of distinct elements and is not "fairly embraced" in the Specification of Charge II. As a result, the offenses would be separate for findings purposes even if they had arisen from the same act or transaction.

and no further analysis is necessary. We find the offenses were separate for purposes of punishment.[2]

The findings of guilty and the sentence are correct in law and fact and are

AFFIRMED.

RAICHLE and CANELLOS, Senior Judges, concur.

**2.** Although further analysis is unnecessary, we note that, even if the offenses had arisen from the same act, application of the remaining facets of the separate elements rule would, nonetheless, result in a finding of separateness for punishment. This is so because the offenses require proof of separate elements which also reflect distinct social standards. Specification 3, Charge I, requires proof of possession of one marijuana cigarette while the specification of Charge II requires proof of an attempt to distribute one-quarter pound of marijuana. Auxiliary analysis to ensure the proper operation of the rule of construction would indicate that the prohibition against possession of drugs and that against distribution of drugs reflect distinct social standards. *Cf. United States v. Smith,* 14 M.J. 430 (C.M.A.1983).