UNITED STATES, Appellee,

v.

Eddie J. GLENN, Jr., Private, U.S. Army, Appellant.

No. 50,222.
CM 444652.

U.S. Court of Military Appeals.

July 1, 1985.

For Appellant: *Colonel William G. Eckhardt, Lieutenant Colonel William P. Heaston, Major Lawrence F. Klar, Captain Melvin F. Fortes* (on brief); *Captain Paul E. Conrad* and *Captain Wendell A. Hollis.*

For Appellee: *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle, Major Patrick M. Flachs, Captain Edmond R. McCarthy, Jr.* (on brief).

*Opinion of the Court*

PER CURIAM:

After the military judge accepted appellant's pleas of guilty to two specifications each of willful damage of government property, larceny, and arson; five specifications of housebreaking; and three specifications of larceny and destruction of public records, in violation of Articles 108, 121, 126, 130, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 908, 921, 926, 930, and 934, respectively, a general court-martial composed of members sentenced appellant to a dishonorable discharge, confinement at hard labor for 11 years, and total forfeitures. The convening authority approved these results, except for reducing the period of confinement to 10 years. The Court of Military Review affirmed in a short-form opinion.

This Court granted review to determine whether the two specifications alleging willful damage to government property (two different buildings and their contents) are multiplicious for findings with the two specifications alleging arson of the same buildings. Under the circumstances of this case, we conclude that they are in part.

Specifications 1 and 2 of Charge I each alleges that at a particular time and place appellant did "without proper authority, willfully damage by setting fire to and burning" a particular building of specified value that was "military property of the United States"; and further each specification alleges that appellant "did willfully destroy by setting fire to and burning the contents therein," which were specifically listed and valued. Then, specifications 1 and 2 of Charge III each alleges that, at the same time and place, appellant did "willfully and maliciously set fire to and burn" the same building of the same specified value.

In *United States v. Kotulski*, 16 M.J. 43 (C.M.A.1983), this Court held that arson of a locker was not multiplicious with the willful damage to the contents of the room

wherein that locker was located. Here, however, each of the specifications alleging willful damage to certain government property included the building which was the subject of an arson specification. Under these circumstances, that portion of each of the willful-damage specifications was multiplicious for findings with the corresponding arson specification. *See United States v. Baker*, 14 M.J. 361, 367 (C.M.A. 1983); *cf. Ball v. United States*, —— U.S. ——, 105 S. Ct. 1668, 84 L.Ed.2d 740 (1985).

Accordingly, specifications 1 and 2 of Charge I are each amended by deleting the words between "without proper authority" and "willfully destroy" ("willfully damage ... and did"), and the last phrase ("the total amount ... sum of about" a stated amount); and substituting for the word "therein" in specification 1, the words "in the Fort Ord Community Mental Health Activity, Building 3013, Fort Ord, California" and in specification 2, the words "in the 7th Infantry Division Office of the Staff Judge Advocate, Building 2791, Fort Ord, California." The decision of the United States Army Court of Military Review as to the amended specification and Charge I as well as Charges II–V and their specifications, and the sentence, is affirmed.

Judge FLETCHER did not participate.