**UNITED STATES**

v.

**Staff Sergeant Richard A. CROWE, FR 173–42–9049, United States Air Force.**

**ACM 28059.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 9 Aug. 1989.

Decided 26 June 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair; Captain Darla G. Orndorff and Lieutenant Colonel Francis T. Lacey, USAFR.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Colonel Robert E. Giovagnoni, Major Terry M. Petrie and Captain Brian C. Newby.

Before LEONARD, MURDOCK and RIVES, Appellate Military Judges.

## DECISION

LEONARD, Senior Judge:

Appellant was convicted, pursuant to his pleas, of two offenses of committing indecent acts on a female under the age of 16, one offense of committing sodomy with a child under the age of 16, and one offense of carnal knowledge. He was sentenced to a bad conduct discharge, confinement for eight years and reduction to airman basic. The adjudged sentence was approved by the convening authority.

On appeal, appellant asserts that the military judge erred in denying a defense motion to find one of the offenses of indecent acts, the sodomy, and the carnal knowledge multiplicious for findings and sentence. We find the military judge abused his discretion in not finding the offenses multiplicious for sentencing purposes.

The three offenses alleged to be multiplicious all took place on 25 February 1989. On that day, appellant found his 13–year–old daughter using the family computer in the master bedroom. Another daughter was present but soon left to play outside. Appellant's wife was in another state visiting friends.

After rubbing some "Aspercreme" on the daughter's ribs and neck, appellant began to fondle her breasts. He then took off her upper clothes, fondled her bare breast, and sucked and nibbled on her breast nipple. After removing the remainder of her clothes, he rubbed her vagina with his hand, put his finger into her vagina, licked her vagina and put his tongue into it. He then lowered his pants and put his erect penis into his daughter's vagina. After she told him that it hurt, he withdrew and ejaculated between her legs. These acts, which comprise the entirety of the 25 February 1989 offenses, all occurred over a continuous period of time with no interruption or pause between any of them.

■ We agree with the military judge's ruling that the 25 February 1989 offenses were not multiplicious for findings. In making this determination, we first considered whether, under the facts of this case, the offenses were (1) substantially one transaction which is (2) the basis for an unreasonable multiplication of charges. *United States v. Baker*, 14 M.J. 361 (C.M. A.1983); *United States v. Wells*, 20 M.J. 513 (A.F.C.M.R.1985); R.C.M. 307(c)(4), Discussion.

Applying the first part of this test, we find that the facts show the 25 February 1989 offenses were one transaction. "A transaction" is a series of occurrences or an aggregate of acts logically related to a single course of criminal conduct. 14 M.J. at 366. Appellant undertook a single course of criminal conduct comprised of indecent acts, sodomy, and carnal knowledge to satisfy his sexual desires.

However, applying the second part of the test, we do not find that this single course of criminal conduct was the basis for an unreasonable multiplication of charges. 14 M.J. at 366; R.C.M. 307(c)(4), Discussion.

Under the facts of this case, none of the charged offenses were included or "fairly embraced" within another offense. *United States v. Glenn*, 20 M.J. 172 (C.M.A.1985); 14 M.J. at 366. The offenses do not require inconsistent findings of fact and are not merely parts of an indivisible crime as a matter of civilian or military law. *United States v. Thompson*, 22 M.J. 40 (C.M.A. 1986); 14 M.J. at 366. Also, the charged offenses were not merely different aspects of a continuous course of conduct that is prohibited by one statutory provision. *Id.*

Further, each of the charged offenses was based on a separate statutory provision designed to protect a different societal standard. Articles 120, 125, and 134, UCMJ, 10 U.S.C. §§ 920, 925, 934; MCM, Part IV, Paragraphs 45, 51, and 87 (1984). Finally, the offenses all have different elements of proof and, under the facts of this case, each requires proof of a separate fact or facts that the others do not. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); R.C.M. 907(b)(3)(B), Discussion.

█ With respect to whether the offenses were multiplicious for sentencing, we must go a step beyond our analysis of findings multiplicity. We must determine whether offenses, which are part of a single transaction, were committed as the result of a single impulse or insistent flow of events with a like object or intent. *United States v. Burney*, 21 U.S.C.M.A. 71, 44 C.M.R. 125 (1971); *United States v. Coley*, 29 M.J. 734 (A.F.C.M.R.1989); *United States v. Jobes*, 20 M.J. 506 (A.F.C.M.R. 1985); R.C.M. 1003(c)(1)(C), Discussion.

█ We find that appellant's 25 February 1989 offenses were the result of a single impulse or insistent flow of events. Once he started the sexual foreplay with his daughter, he was embarked on a course of conduct with the object or intent of satisfying his sexual desires. This course of conduct continued as an insistent flow or single impulse through sodomy by cunnilingus and culminated with carnal knowledge. Therefore, we find that Specification 2 of Charge I, the Specification of Charge II, and the Specification of Charge III are multiplicious for sentencing.

We did not find the case of *United States v. Cox*, 18 M.J. 72 (C.M.A.1984), which is cited by the government, to be dispositive of the issue in this case. The *Cox* case involved an incident where Cox performed oral sodomy on his victim and, after he was finished, inserted a candy cane into her vagina, removed it and forced her to lick it. The government was correct that the *Cox* offenses had separate elements and involved a unity of time or "one transaction" as the offenses do in this case. However, as we have explained above, merely determining that offenses, which are part of one transaction, have separate elements does not dispose of the issue of sentencing multiplicity. The offenses in the *Cox* case were not due to a single impulse or insistent flow of events with a like object or intent. Appellant's 25 February 1989 offenses were.

█ In view of our finding of multiplicity for sentencing, we will reassess the sentence by determining what sentence the court-martial would probably have adjudged if the prejudicial error had not been committed. *United States v. Peoples*, 29 M.J. 426 (C.M.A.1990). In doing so, we will only consider the evidence that was before the trial judge at trial. *Id.* Considering that evidence, we approve only so much of appellant's sentence as provides for a bad conduct discharge, confinement for six years and reduction to airman basic.

The findings are correct in law and fact. After reassessing the sentence and thereafter considering the entire record, we find the reassessed sentence appropriate. Article 66(c), UCMJ, 10 U.S.C. § 866(c); 29 M.J. at 428. Accordingly, the findings and sentence, as modified, are

AFFIRMED.

Senior Judge MURDOCK and Judge RIVES concur.