**UNITED STATES, Appellee,**

v.

**Michael McMILLIAN, Staff Sergeant,
U.S. Army, Appellant.**

No. 65,951.

CM 9001036.

U.S. Court of Military Appeals.

Argued June 4, 1991.

Decided Sept. 20, 1991.

For Appellant: *Captain Mark L. Toole* (argued); *Colonel Robert B. Kirby, Lieutenant Colonel Russell S. Estey, Captain Brian D. Bailey* (on brief); *Captain Lauren B. Leeker.*

For Appellee: *Captain Kenneth H. Goetzke, Jr.* (argued); *Colonel Alfred F. Arquilla, Lieutenant Colonel Daniel J. Dell'Orto, Captain Timothy W. Lucas* (on brief); *Captain Randy V. Cargill.*

*Opinion of the Court*

COX, Judge:

Pursuant to his pleas, a military judge sitting alone as a general court-martial convicted appellant of one specification each of attempted robbery, assault consummated by a battery, concealing stolen property, and of two specifications of receiving stolen property,[1] in violation of Articles 80, 128, and 134, Uniform Code of Military Justice, 10 USC §§ 880, 928, and 934, respectively. He was sentenced to 5 years' confinement, total forfeitures, reduction to private (E–1), and a dishonorable discharge. Pursuant to a pretrial agreement, the convening authority approved the sentence. The Court of Military Review affirmed the findings and sentence in an unpublished opinion dated November 15, 1990.[2]

I

WHETHER THE MILITARY JUDGE ERRED BY HOLDING THAT THE DEFENSE MOTION REGARDING MULTIPLICITY WAS UNTIMELY.

---

1. The court-martial order does not adequately reflect this offense.

2. We granted appellant's petition to consider the following issues:

Appellant attempted to rob the "MCC Phone Center" at Fort Dix, New Jersey. He encountered Anna Blount, an employee of the store, as she was leaving work. After he struck her in the face, he forced her back into the store and gestured for her to open the safe. She refused, however, and he fled. These facts form the bases for Charges I and II and their respective specifications.[3]

Prior to the court-martial, an initial hearing pursuant to Article 39(a), UCMJ, 10 USC § 839(a), was conducted to arraign appellant and conduct preliminary matters. At this hearing, appellant presented a speedy-trial motion pursuant to RCM 707, Manual for Courts–Martial, United States, 1984, which was denied by the military judge. *No other motions were made* by appellant. He then pleaded guilty to the above-referenced charges and specifications.

During the inquiry into the providence of his pleas, appellant testified about the robbery. The military judge accepted the pleas and found him guilty. After findings, the Government presented evidence on sentencing. It was at this time that appellant moved to dismiss the assault-and-battery charge as being multiplicious with the attempted-robbery charge because assault consummated by a battery was a lesser-included offense of attempted robbery. The military judge stated:

> Well it may or may not be duplicious. I mean whether it's—I don't know whether it's even multiplicious for purposes of sentencing. I don't think that it is, but as far as dismissing it entirely now that —I'm not going to consider that at that point. The motion—that motion—I'll

treat that as a motion for appropriate relief and it's denied.

However, prior to announcing appellant's sentence, the military judge found the assault and attempted-robbery charges (Charges I and II and their specifications) were multiplicious for sentencing purposes.

We first consider whether the motion to dismiss the multiplicious Charge was timely. The military judge seemed to believe that the motion was untimely. The Court of Military Review determined that it was untimely and, therefore, waived. The Court of Military Review relied upon RCM 905(e) and 907(b)(3)(B); and, *United States v. Blucker*, 30 MJ 690 (ACMR 1990), as authority. We respectfully disagree.

■ Although in a guilty-plea case, the appropriate time for making a motion to dismiss based upon multiplicity is prior to entering pleas, there is nothing wrong with waiting until after findings. Here, the motion to dismiss was made before sentencing. The Government was not prejudiced by the motion. We find no sound reason for declaring the motion waived. Indeed, it appears to us that, although the military judge's ruling might relate to timeliness, he certainly did not find that the motion to dismiss had been waived. Rather, he treated it as a "motion for appropriate relief" and then denied it. Furthermore, the Discussion to RCM 907(b)(3)(B) seems to suggest that it is not inappropriate to make the motion after findings have been entered. It states:

> Ordinarily, a specification should not be dismissed for multiplicity before trial unless it clearly alleges the same offense, or one necessarily included therein, as is alleged in another specification.

II
WHETHER THE MILITARY JUDGE ERRED BY DENYING DEFENSE COUNSEL'S MOTION TO DISMISS CHARGE II (ASSAULT CONSUMMATED BY A BATTERY) AS BEING MULTIPLICIOUS FOR FINDINGS WITH CHARGE I (ATTEMPTED ROBBERY).

3. Charge: I Violation of the UCMJ, ARTICLE 80
Specification: In that [appellant], did, at Fort Dix, New Jersey, on or about 21 January 1990, by means of force and violence, attempt to steal

from the presence of Anna Blount, against her will, U.S. currency of a value of about $1,000.00, the property of the United States Government.
 Plea: G Finding: G
Charge: II Violation of the UCMJ, ARTICLE 128
Specification: In that [appellant], did, at Fort Dix, New Jersey, on or about 21 January 1990, unlawfully strike Anna Blount on the face with a closed fist.
 Plea: G Finding: G

It may be appropriate to dismiss the less serious of any multiplicious specifications after findings have been reached.

In any event, although the military judge did not find the two charges to be multiplicious for findings, he did determine that they were multiplicious for sentencing. Under these circumstances, we will not enforce waiver against appellant.

The real question is whether Charges I and II are multiplicious. The military judge has already taken us halfway toward our decision by finding the two charges multiplicious for sentencing. Indeed, an argument can be made that charges which are multiplicious for sentencing are multiplicious for findings. *See Ball v. United States*, 470 U.S. 856, 861, 105 S.Ct. 1668, 1671, 84 L.Ed.2d 740 (1985), which states:

Congress could not have intended to allow two convictions for the same conduct, even if sentenced under only one; Congress does not create criminal offenses having no sentencing component.

 However, we need not reach that question here because, based upon the evidence of record, we are satisfied that the assault alleged in Charge II and its specification was the force used to accomplish the attempted robbery in Charge I. Under that circumstance, the assault is a lesser-included offense of the attempted robbery. Para. 47(d), Part IV, Manual, *supra*. It is, therefore, multiplicious for findings as a matter of long-standing law. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *United States v. Baker*, 14 MJ 361 (CMA 1983). *See Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). However, because the military judge treated the two charges as multiplicious for sentencing, no relief as to sentence is warranted.

The decision of the United States Army Court of Military Review is reversed as to Charge II and its specification. The findings of guilty thereon are set aside, and that Charge and its specification are dismissed. In all other respects, the decision below is affirmed.

Chief Judge SULLIVAN and Senior Judge EVERETT concur.