UNITED STATES

v.

Captain Jeffrey C. OLSON, 354–56–2364, United States Air Force.

ACM 29964.

U.S. Air Force Court of Military Review.

Sentence Adjudged 26 Feb. 1992.

Decided 28 Sept. 1993.

Appellate Counsel for the Appellant: Major Mary C. Yastishock and Captain Robert I. Smith.

Appellate Counsel for the United States: Colonel Richard L. Purdon, Colonel Jeffery T. Infelise, Lieutenant Colonel Joseph J. Urban, and Captain Jane M.E. Peterson.

Before JOHNSON, HEIMBURG, and YOUNG, Appellate Military Judges.

## OPINION OF THE COURT

JOHNSON, Senior Judge:

This case is about multiplicity, both for findings and for sentencing. Captain Olson was convicted, consistent with his pleas, of using marijuana and of engaging in conduct unbecoming an officer by using marijuana with an enlisted member and by providing the enlisted member with drug paraphernalia.[1] Captain Olson argues before us the military judge erred by not ruling *sua sponte* that the two charges were multiplicious for findings. We agree. He also argues the military judge erred by denying a defense request to rule the two offenses were multiplicious for sentencing. We conclude the military judge properly merged the offenses for sentencing, but we find the military judge miscalculated the maximum authorized punishment, which leads us to reassess the sentence.

## FACTS

Captain Olson was a dentist assigned to the clinic at McClellan Air Force Base, California. He became friendly with Staff Sergeant Proctor, who was assigned to a different branch of the clinic, and they began to go to nightclubs together and to visit each other's home. They used marijuana together six to eight times during the period from May to November 1991. Captain Olson gave Sergeant Proctor a gold-colored metal pipe which they used together for smoking marijuana. Sergeant Proctor supplied the marijuana on each occasion.

Sergeant Proctor's estranged wife reported his drug use. When confronted by agents of the Air Force Office of Special Investigations, Captain Olson admitted he used marijuana with Sergeant Proctor. He also admitted giving Sergeant Proctor the pipe, which he bought while in dental school before entering the Air Force. He pleaded guilty. The members sentenced him to dismissal, confinement for 5 months, and forfeiture of $1000 pay per month for 5 months.[2]

## MULTIPLICITY FOR FINDINGS

 A specification may be dismissed upon timely motion of the accused if it is multiplicious with another specification. R.C.M. 907(b)(3); *see also* R.C.M. 307(c)(4) Discussion. A specification is multiplicious with another for findings if all the elements of one are included in the elements of the other. *United States v. Teters*, 37 M.J. 370 (C.M.A.1993). Absent plain error, failure to raise a multiplicity issue at trial waives the issue on appellate review. *United States v. McMillian*, 33 M.J. 257 (C.M.A.1991); *United States v. Jones*, 23 M.J. 301 (C.M.A.1987). The defense in this case made no motion to dismiss any charge or specification on grounds of multiplicity, and the issue of multiplicity for findings was not raised in any other manner. It was therefore waived, unless we find plain error.

Captain Olson faced two charges. The first, brought under Article 112a, UCMJ, 10 U.S.C. § 912a, alleged that on divers

---

1. Articles 112a, 133, UCMJ; MCM, Part IV, paragraphs 37, 59 (1984).

2. We note the promulgating order inaccurately summarizes the forfeitures adjudged as "forfeitures of $1,000.00 for five months." The legal effect of this language would be to impose a forfeiture totaling $1,000.00. The adjudged sentence, which includes "[to] forfeit $1,000.00 of your pay per month for five months" was approved by the convening authority. A corrected promulgating order would normally have to be issued to correctly reflect the sentence that was adjudged and approved. In view of our action reassessing the sentence, however, that will not be necessary in this case.

occasions from 1 January 1991 to 20 November 1991, in California, he wrongfully used marijuana. The second, brought under Article 133, UCMJ, 10 U.S.C. § 933, alleged that he engaged in conduct unbecoming an officer from 1 January 1991 to 20 November 1991, in California, by using marijuana in the presence of Sergeant Proctor and by giving him the pipe, which was drug paraphernalia. The parties agreed that the marijuana use alleged in Charge I was the same as that in Charge II.

■ To be considered "plain error," the decision or action in question must be obviously wrong, and it must affect the substantial rights of the accused. *United States v. Olano*, — U.S. —, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). The state of the law as to multiplicity was in such disarray in military courts before *Teters* (which was decided after this case was tried),[3] and the multiplicity issues in this case are sufficiently unusual, that we are reluctant to find the military judge made an obvious error in not ruling *sua sponte* that the charges were multiplicious for findings. Nevertheless, the Court of Military Appeals has ruled in a similar case that failure by the military judge to find multiplicity for findings *sua sponte* where the same misconduct was charged under Article 133 and a specific UCMJ article constitutes plain error. *United States v. Waits*, 32 M.J. 274 (C.M.A.1991). In this case, it is clear the elements of Charge I are all included in the elements of Charge II. Under *Teters*, they are multiplicious. Under *Waits*, there is plain error. Accordingly, Charge I and its specification are set aside and dismissed.

## SENTENCING

■ During the guilty-plea colloquy, the military judge announced that, apart from any issue of merger of the offenses for sentencing, he considered the maximum punishment for the two charged offenses to include 4 years confinement. Setting aside multiplicity issues, this was correct. The maximum punishment for use of marijuana prescribed in MCM, Part IV, paragraph 37e(1)(b) (1984) includes 2 years confinement. The maximum punishment for conduct unbecoming an officer under Article 133 includes confinement for the period authorized for the most analogous offense for which a punishment is prescribed. *See* MCM, Part IV, paragraph 59e (1984). The military judge said at this point only that the analogous offense for Charge II was "a 92 violation." Later discussion revealed he found the most analogous offense to be a violation of Air Force Regulation 30–2, *Social Actions Program*, para. 3–2c (Apr. 1986):

> Drug paraphernalia. All persons subject to the UCMJ must not use, sell, or transfer any drug paraphernalia. Violators are subject to punishment under UCMJ, Article 92, for failure to obey a lawful general regulation.

The maximum punishment for failure to obey a lawful general regulation prescribed in MCM, Part IV, paragraph 16e(1) (1984) includes 2 years confinement. Viewed another way, the gravamen of the Article 133 charge and its specification might be argued to be use of marijuana, which as we have already seen also carries a maximum punishment that includes 2 years confinement. Either way, viewed as separate offenses, the two charges of using marijuana and conduct unbecoming an officer carried a combined maximum authorized punishment including 4 years confinement.

One likely reason that this record of trial contains so little discussion of the maximum punishment and multiplicity for sentencing issues is that the parties discussed them during an R.C.M. 802 conference held before the trial convened. The military judge announced on the record that these subjects had been discussed at such a conference, although "no decision on any matter of substance was made at that pretrial conference." We are not inclined to hold that multiplicity *may not* be discussed at

---

3. *See, e.g., United States v. Chesterfield*, 31 M.J. 942 (A.C.M.R.1990), *pet. denied*, 33 M.J. 496 (C.M.A.1991) (charges of smoking marijuana and fraternizing by warrant officer with subordinates by smoking marijuana with them were not multiplicious for findings).

R.C.M. 802 conferences, or even that it *should not* be discussed in such conferences. *See United States v. Sadler,* 29 M.J. 370, 373 n. 3 (C.M.A.1990) (instructions should not be discussed at R.C.M. 802 conferences); *United States v. Garcia,* 24 M.J. 518 (A.F.C.M.R.1987) (the providency of guilty pleas may not be discussed at R.C.M. 802 conferences). Instead, we caution military judges that discussion of these matters in an R.C.M. 802 conference may deny reviewing authorities necessary information about the positions and arguments of the parties. In this case we conclude we have a record that is sufficient, though sparse.

During an Article 39(a) session, the military judge said he was going to instruct the members that the charged uses of marijuana in Charge I and in Charge II were the same, and that they therefore merged, and they were not separate for purposes of punishment. Both sides concurred, as do we. The defense counsel then argued, in vain, that the merger left only one specification of conduct unbecoming an officer, for which only 2 years confinement was authorized. The military judge ruled that the use of marijuana and the transfer of drug paraphernalia were separate offenses for purposes of punishment, and that the maximum sentence still included 4 years confinement.

■ We find the military judge erred, even if Charge I were not dismissed. Captain Olson's use of marijuana and his distribution of drug paraphernalia could properly have been charged separately, but they were both included in one specification brought under Article 133. Where, as here, the military judge rules that two specifications with common elements are multiplicious for sentencing, the survivor is the more serious offense, which will normally be the one with additional elements. R.C.M. 1003(c)(1)(C). It would be impossible to merge the marijuana use portion of the Article 133 offense into the Article 112a offense, since the former has additional elements. When the underlying conduct required for conviction under Article 133 is a crime defined by a specific punitive arti-

cle, the specific crime is treated as a lesser-included offense of conduct unbecoming an officer. *United States v. Court,* 24 M.J. 11, 12 (C.M.A.1987); *United States v. Timberlake,* 18 M.J. 371, 375 (C.M.A.1984). In the circumstances of this case the marijuana use charge and its specification under Article 112a merged into the conduct unbecoming an officer charge and its specification under Article 133.

The military judge apparently thought about this problem in terms of whether the facts raised separate offenses, while apparently paying too little attention to how those offenses were charged. It is more reliable, when we set out to negotiate the thickets of multiplicity, to keep our focus on the charges and specifications, not on the ultimate offenses.

■ In this case, two specifications merged for sentencing; the survivor was the one Article 133 specification that covered conduct unbecoming an officer both by using marijuana with an enlisted member and by transferring drug paraphernalia to him. When multiple offenses are charged in one specification they are treated for punishment purposes as one offense. *United States v. Means,* 12 U.S.C.M.A. 290, 30 C.M.R. 290 (1961); R.C.M. 1003(C)(1)(A)(i). We therefore conclude that even if Charge I were not dismissed the maximum sentence was that authorized for the Article 133 charge and its single specification, which included only 2 years confinement.

We have examined the record for any indication that the military judge's error as to the maximum authorized sentence may have rendered Captain Olson's guilty pleas improvident. *See United States v. Hemingway,* 36 M.J. 349 (C.M.A.1993). We find no such indication. The parties agreed to defer the matter of multiplicity for sentencing for resolution long after acceptance of Captain Olson's guilty pleas. Furthermore, there was a pretrial agreement under which the convening authority agreed to disapprove any confinement in excess of 8 months. We conclude that misapprehension of the maximum sentence was not a

substantial factor in Captain Olson's decision to plead guilty.

Our next task is to test for prejudice in that the members may have adjudged a heavier sentence than they would have if Charge I had been dismissed and they were correctly informed of the maximum sentence. The military judge instructed the members the maximum sentence included dismissal, confinement for 4 years, and forfeiture of all pay and allowances. The authorized confinement and the related forfeitures were overstated by one hundred percent. In these circumstances, we conclude there is a significant risk the court members may have imposed a greater sentence than they would have if they were properly instructed.

This Court may reassess a sentence if we are able to determine what sentence the trial court probably would have imposed if there had been no error. *United States v. Peoples*, 29 M.J. 426 (C.M.A.1990); *United States v. Crowe*, 30 M.J. 1144 (A.F.C.M.R.1990), *pet. denied*, 32 M.J. 43 (C.M.A.1990). We believe we are able to do so in this case, to the extent that we have no doubt the members would have sentenced Captain Olson to dismissal. We have less confidence as to what the members might have decided concerning confinement and forfeitures. Captain Olson has served all his confinement, so no meaningful relief concerning it is possible. The most appropriate action we can take as redress for any unwarranted confinement he may have served is to disapprove all the adjudged forfeitures.

Accordingly, we approve only so much of the sentence as provides for dismissal and confinement for 5 months. We have given individualized consideration to the appropriateness of the sentence, weighing the nature and seriousness of the offenses, the character and military performance of appellant, and all the circumstances documented in the record of trial. *United States v. Snelling*, 14 M.J. 267 (C.M.A. 1982). We find the sentence, as reassessed, is not inappropriate.

Charge I and its specification are set aside and dismissed. The remaining findings of guilty and the sentence, as reassessed, are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Judges HEIMBURG and YOUNG concur.