# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Bernard (NMN) PROPER
## Telecommunications Specialist Chief Petty Officer (E-7), U.S. Coast Guard

## CGCMG 0174

## Docket No. 1153

## 7 January 2002

General Court-Martial convened by Commander, Maintenance and Logistics Command Atlantic. Tried at Norfolk, Virginia, from 19 through 24 March 2001.

| | |
|---|---|
| Military Judge: | CAPT Michael J. Devine, USCG |
| Trial Counsel: | LT(jg) Kevin M. D'eustachio, USCGR |
| Assistant Trial Counsel: | LCDR John G. Beyer, USCG |
| Detailed Defense Counsel: | LT Natasha M. Ng, JAGC, USNR |
| Assistant Defense Counsel: | LT Kristi L. Salyers, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LT Malcolm L. Orr, USCG |
| | LT Daniel J. Goettle, USCG |

## BEFORE
## PANEL EIGHT
## BAUM, CASSELS,[1] & PALMER
Appellate Military Judges

Per curiam:

Appellant was tried by a general court-martial composed of officer and enlisted members. Contrary to his pleas, he was convicted of the following offenses: seven specifications of violating a lawful general regulation, six by engaging in sexually intimate behavior with subordinate female crewmembers and one for consuming alcohol in the ship's radio room, and one specification of violating a lawful order by a superior officer, in violation of Article 92 of the Uniform Code of Military Justice (UCMJ); one specification of maltreatment of a female subordinate, in violation of Article 93 of the UCMJ; six specifications of committing sodomy onboard his cutter with a subordinate female member of the ship in violation of Article 125 of the UCMJ; two specifications of assault consummated by a battery upon two female

---

[1] Judge Cassels retired from active duty on 1 January 2002. He participated fully in the decision in this case while still on active duty and finalized his views as expressed in the majority opinion prior to his retirement.

subordinates, in violation of Article 128 of the UCMJ; and seven specifications under the general article of the UCMJ, one for committing an indecent act by engaging in sexual intercourse on a racquetball court in a Navy gymnasium, one for committing an indecent assault upon a female subordinate, two for wrongfully impeding an administrative investigation, and three for adultery, all in violation of Article 134 of the UCMJ.

Appellant was sentenced to a bad-conduct discharge (BCD), confinement for six months, and reduction to paygrade E-1, which was approved by the Convening Authority. Before this Court, he has assigned one error: that the evidence is neither factually nor legally sufficient to support his conviction of indecent assault. Specifically, Appellant asserts that the evidence does not establish that he pulled the coveralls of a female subordinate away from her chest with the intent to gratify his lust or sexual desires, as alleged. Appellant had counseled that particular petty officer, a Telecommunications Specialist Third Class (TC3), for showing up on watch in the communication center without a T-shirt on under her coveralls. When she nevertheless appeared on watch again days later without a T-shirt and only her bra beneath the coveralls, Appellant approached her and said, "you're not wearing a T-shirt," hooked a finger in the collar of her coveralls and, while pulling on the coveralls, said, "if [you're] going to give [me] a free titty shot, then [I'm] going to take it."

Appellant contends that he knew that the petty officer wore a bra under her coveralls and that it is not reasonable to conclude that he was trying to look at her breasts to satisfy his lust, notwithstanding his comment regarding a free shot at her breasts. He asserts that the most reasonable conclusion is that he was trying to impress upon her the importance of wearing a T-shirt, although in an entirely inappropriate manner. Based on this evidence, Appellant asks the Court to affirm only the lesser included offense of assault consummated by a battery. As to the sentence, however, he concedes that a lesser sentence from the members would have been unlikely, even without a conviction of the indecent assault. Accordingly, he accepts that an adjustment to the sentence is not necessary under the criteria of *United v. Sales*, 22 M.J. 305 (C.M.A. 1986).

Under Article 66(c), UCMJ, we may affirm only those findings of guilty that we determine to be correct in law and fact. After weighing the evidence in the record, and allowing for not having personally observed or heard the witnesses, we must be convinced of guilt beyond a reasonable doubt, in order to conclude that a finding of guilty is factually sufficient. *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987). We have followed that precept, and, in so doing, are not convinced beyond a reasonable doubt by the evidence of record that Appellant is guilty of indecent assault. However, his guilt of the lesser included offense of assault consummated by a battery on the TC3 is established beyond a reasonable doubt. We are satisfied that the court would not have adjudged a lesser sentence had it convicted Appellant of assault and battery rather than indecent assault. Moreover, upon our reassessment of the sentence in light of this reduced finding, we have determined that the approved sentence is appropriate and should not be reduced, despite Appellant's otherwise good record of over eighteen years service at the time of trial.

In light of the foregoing, the finding of guilty of specification 2 under Charge V, which found Appellant guilty of indecent assault, is not affirmed. Instead, the lesser included offense

of assault consummated by a battery is affirmed. The remaining findings of guilty are affirmed, and the sentence as approved below is affirmed.

PALMER, Judge (concurring in part and dissenting in part):

I concur with everything in the principle opinion except the decision with respect to the indecent assault offense, from which I dissent. A court-martial with members properly instructed in the law found appellant guilty of (among other offenses) the offense of indecent assault. To be convicted of an indecent assault, there is no requirement that the offensive touching itself be indecent. It is merely a simple assault committed by one with a prurient state of mind. *United States v. Hoggard*, 43 M.J. 1 (1995); *United States v. Rodriguez*, 31 M.J. 150 (C.M.A. 1990). There is no requirement that the accused actually gratify his lust or sexual desires through the offensive touching. In addition, evidence of other misconduct is admissible to show the requisite intent. *See, e.g.*, *United States v. Reynolds*, 29 M.J. 105, 109 (C.M.A. 1989); *United States v. Cox*, 18 M.J. 72, 74-75 (C.M.A. 1984) (holding that "a pattern of lustful intent" was circumstantial evidence relating to all charges in the case).

In this case, the record shows that the accused clearly stated his intent at the time of the offensive touching. His own admission, "if you are going to give [me] a free titty shot, then [I'm] going to take it," is clear evidence that he pulled the coveralls of a female subordinate away from her chest with the intent of viewing a sexually intimate part of her body. In addition, the evidence clearly establishes a pre-existing pattern of sexual intimate behavior with subordinates onboard USCGC GALLATIN. After weighing all the evidence and allowing for not having personally observed or heard the witnesses, I am convinced of the accused's guilt beyond a reasonable doubt. Whether or not the accused actually gratified his lust, viewed the victim's breasts, or also intended his indecent assault to reinforce his counseling regarding the wearing of a T-shirt does not alter my conclusion that at the time of the offensive touching, the accused harbored the requisite intent.

I would affirm the findings and sentence as approved below.

For the Court,



Kevin G. Ansley
Clerk of the Court