# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 BLAINE J. FRANKLIN**
**United States Army, Appellant**

ARMY 20100861

Headquarters, 25th Infantry Division
Kwasi L. Hawks, Military Judge
Lieutenant Colonel George A. Smawley, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Major Jacob D. Bashore, JA; Captain Barbara A. Snow-Martone, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Catherine L. Brantley, JA; Captain Bradley M. Endicott, JA (on brief).

31 January 2013

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

An enlisted panel, sitting as a general court-martial, convicted appellant, contrary to his pleas, of one specification of making a false official statement, one specification of robbery, two specifications of assault consummated by a battery, and one specification of burglary, in violation of Articles 107, 122, 128 and 129, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 922, 928, 929 (2006) [hereinafter UCMJ]. Consistent with his pleas, appellant was acquitted of conspiracy to commit robbery and burglary, in violation of Article 81, UCMJ. The panel sentenced appellant to a bad-conduct discharge, to perform hard labor without confinement for ninety days, and forfeiture of $1000.00 pay per month for three months. The convening authority (CA) approved the adjudged sentence, but suspended the execution of the bad-conduct discharge for one year.[1]

---

[1] The military judge credited appellant with two days confinement credit against the approved sentence, but in his action the CA erroneously failed to order that credit in

(continued . . .)

FRANKLIN—ARMY 20100861

This case is before us for review under Article 66, UCMJ. Appellate defense counsel raises five assignments of error.[2] Two of these assignments warrant

(. . . continued)
the action. While this credit should have been reflected in the action, appellant has not alleged any prejudice by the omission.

[2] Appellate defense counsel alleges the following assignments of error:

I.

PRIVATE FRANKLIN'S CONVICTION OF CHARGE III (ROBBERY) IS FACTUALLY AND LEGALLY INSUFFICIENT AND, THEREFORE, MUST BE SET ASIDE

II

PRIVATE FRANKLIN'S CONVICTION OF SPECIFICATIONS 1 AND 2 OF CHARGE IV (ASSAULT CONSUMMATED BY A BATTERY) IS FACTUALLY AND LEGALLY INSUFFICIENT AND, THEREFORE, MUST BE SET ASIDE.

III.

PRIVATE FRANKLIN'S CONVICTION OF CHARGE V (BURGLARY) IS FACTUALLY AND LEGALLY INSUFFICIENT AND, THEREFORE, MUST BE SET ASIDE.

IV.

PRIVATE FRANKLIN WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL DEFENSE COUNSEL FAILED TO CONTACT HIM TO DISCUSS HIS PERSONAL CLEMENCY MATTERS AND TO GET THOSE PERSONAL CLEMENCY MATTERS TO THE CONVENING AUTHORITY FOR HIS CONSIDERATION.

V.

THE MILITARY JUDGE COMMITTED PLAIN ERROR WHEN HE FAILED TO FIND THE SPECIFICATION OF

(continued . . .)

2

discussion and one warrants relief. Appellant personally raises additional matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). One of these matters is partially covered as an assignment of error and will be addressed at the same time the assignment of error is addressed.

## LAW AND DISCUSSION

*Multiplicity*

As argued by appellant at both trial and on appeal, the assault and battery charge and specifications are lesser included offenses of the robbery charge. In the instant case, the assaults alleged in Charge IV were the force used to accomplish the robbery alleged in Charge III. As a matter of "long-standing law," the assaults are therefore considered multiplicious with the robbery charge. *United States v. McMillian*, 33 M.J. 257, 259 (C.M.A. 1991). The government concedes both specifications of Charge IV, assault consummated by a battery, were multiplicious with Charge III, robbery. We agree and accordingly accept the government's concession.[3] We will take appropriate action in our decretal paragraph to address this error, but our analysis also must address whether appellant suffered any additional prejudice as a result of this error.

The military judge denied appellant's multiplicity motion during the merits portion of the court-martial, but then merged these two charges into one charge for sentencing purposes.[4] Because the military judge merged the charges for sentencing and properly re-calculated the maximum punishment, the sentencing landscape has not changed and no sentence relief is warranted. *Id.*

---

(. . . continued)

> CHARGE III MULTIPLICIOUS WITH SPECIFICATIONS
> 1 AND 2 OF CHARGE IV.

[3] Dismissing Charge IV and its Specifications moots the additional issue of the panel not returning separate findings of guilty for each specification, but merely returning a guilty verdict for the charge.

[4] As part of his sentencing instruction, the military judge made the following statement: "[t]he offenses charged in Charge III and Charge IV are on[e] for sentencing purposes, in other words, the assaults which were necessary to conduct the robbery have been merged into the robbery. Therefore, in determin[ing] the appropriate sentence in this case please considered [sic] them as one offense."

FRANKLIN—ARMY 20100861

*Ineffective Assistance of Counsel*

Appellate defense counsel and appellant, pursuant to *Grostefon*, allege two of his trial defense counsel (Captain [CPT] EP represented appellant during pre-trial and trial and CPT JP represented appellant during post-trial) provided ineffective assistance of counsel.  Specifically, they claim CPT JP provided ineffective assistance to appellant when she allegedly failed to contact appellant to discuss clemency matters and, as a result, appellant was denied an opportunity to submit a personal letter and a letter from his father to the CA.  Appellate defense counsel, in an assignment of error, alleges appellant was prejudiced by CPT JP's failure to submit a request to the CA to defer adjudged forfeitures.  Counsel argues this failure was contrary to appellant's expressed desire at the time of trial, as evidenced by his post-trial appellate rights advisement form, to seek this deferral.

Appellant, in matters personally raised before this court, further alleges CPT EP provided ineffective assistance at trial through his poor witness questioning, failure to object to a duress instruction, and failure to introduce letters appellant had collected, to include the previously mentioned letter from appellant's father, during pre-sentencing.

In evaluating ineffective assistance of counsel allegations, we apply the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  This standard requires appellant to demonstrate: (1) that counsel's performance was deficient, and (2) that this deficient performance prejudiced appellant.  *Id*. at 687.  In examining the first part of this test, appellant must show "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id*.  The relevant issue is whether counsel's conduct failed to meet an objective standard of reasonableness or whether it was outside the "wide range of professionally competent assistance."  *Id*. at 694.  "On appellate review, there is a 'strong presumption' that counsel was competent."  *United States v. Grigoruk*, 56 M.J. 304, 306-07 (C.A.A.F. 2002) (citing *Strickland*, 466 U.S. at 689).   The second part of the test is met by showing a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 694.

Beginning with the post-trial allegations of ineffective assistance of counsel leveled against CPT JP, it must first be highlighted that CPT JP successfully persuaded the convening authority to suspend execution of appellant's bad-conduct discharge.  This was achieved despite appellant's and CPT EP's request for a bad-conduct discharge at trial.

Assuming CPT JP did not contact appellant following his court-martial, we find appellant was not prejudiced by the absence of his letter and his father's letter in the post-trial submission.  In his memorandum to the CA, CPT JP did highlight

4

the points appellant wanted to present in his letter and appellant subsequently received meaningful relief.

In regards to his father's letter, although failing to include a copy of this letter as part of his post-trial affidavit, appellant offers insight into the gist of this letter in his *Grostefon* matters. Although accusing his counsel of ineffectiveness during pre-sentencing for not introducing this letter, appellant acknowledges this letter detailed an altercation that involved appellant when he was twelve. However, appellant believes that because this letter also emphasized how appellant is a "peaceful person," it was possible the panel would not have adjudged a bad-conduct discharge. It was clearly a reasonable tactical decision not to offer this letter during pre-sentencing. *See United States v. Mazza*, 67 M.J. 470, 475 (C.A.A.F. 2009). To the extent appellant argues the impact of this letter would have been to persuade the panel to not adjudge a punitive discharge, CPT JP efforts accomplished the same effect without submitting this letter and appellant therefore suffered no prejudice.

In reference to post-trial matters, appellant's counsel has further alleged CPT JP was ineffective because she failed to request deferment of appellant's adjudged forfeitures until action. On his appellate rights form, appellant indicated he wanted to request deferment of automatic and adjudged forfeitures. However, significantly, in an affidavit submitted for the specific purpose of detailing his post-trial complaints, appellant fails to mention this issue. Neither appellant, nor counsel, has articulated what benefits appellant would have enjoyed as a result of incurring forfeitures at the time of action instead of fourteen days after sentencing. Failing to find prejudice, we fail to find CPT JP was ineffective.

Turning to appellant's allegations that CPT EP was ineffective during trial, he challenges the decisions regarding the duress instruction, examination of a witness, and the failure to enter his father's letter, among other letters, as part of the pre-sentencing case. In rejecting these contentions, we find that appellant has failed to rebut the strong presumption that CPT EP was competent and, in applying the first part of the *Strickland* test, we find appellant has failed to demonstrate counsel's performance was deficient. *Grigoruk*, 56 M.J. 304, 306-07 (C.A.A.F. 2001) (citing *Strickland*, 466 U.S. at 689). We therefore further find appellant's claim of ineffective assistance of counsel lacks merit.

Finally, we turn our attention to an issue not raised by appellant or counsel: the valuation of the stolen property. Appellant, in the Specification of Charge III, was charged with stealing, "a television, a video game system, a Dell DLP projector, 3 wireless controllers, a keyboard for gaming system, 2 gaming headsets, a laptop computer, 10 video games, and 8 DVDs, of a value of about $3,959.00 . . . ." Pursuant to the panel's finding, the appellant was convicted of stealing only a video game system, a Dell DLP projector, a laptop computer, 10 video games and 8 DVDs.

5

Pursuant to Article 66(c), UCMJ, we are required "to conduct a *de novo* review of [the] legal and factual sufficiency of the case." *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for factual sufficiency is, after weighing the evidence in the record of trial and recognizing that the court did not personally observe the witnesses, whether "[this court is] convinced of the [appellant's] guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987). The standard of review for legal sufficiency is whether, considering all the evidence in the light most favorable to the government, a reasonable fact-finder could have found all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The only evidence offered by the government to support the value of the stolen items was the victim's testimony. He put the value of all items stolen, to include items not included in the Specification of Charge III, "between $5,000.00 and $10,000.00." The only specific items against which appellant placed a dollar amount were the projector, that "was probably worth $400.00 - $500.00" and the video games, that were "like $50.00 a pop." Based on a lack of legal or factual sufficiency, we will therefore only assess this property as having "some value" instead "of a value of about $3,959.00" and will correct this error in our decretal paragraph.

## CONCLUSION

On consideration of the entire record, including those matters personally raised by appellant, the findings of guilty of Charge IV and its Specifications, assault consummated by a battery, are set aside and dismissed. We affirm only so much of the Specification of Charge III that finds appellant "Did, at or near Helemano Military Reservation, Hawaii, on or about 11 April 2009, by means of force steal from the presence of MGM, against his will, a video game system, a Dell DLP projector, a laptop computer, 10 video games and 8 DVDs, of some value, the property of MGM." We affirm the remaining findings of guilty. Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

6